UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 1 0 2020

MITCHELL R. ELFERS
CLERK lmn

20cv689 KRS

| | |
|---|---|
| Emma Serna and | ) |
| Mike Serna, | ) |
| Plaintiffs, | ) |
| v. | ) |
| William Cooksey | ) |
| Daniel White, | ) |
| David Webster and | ) |
| Margette Webster, | ) |
| Defendants. | ) |

COMPLAINT FOR MISREPRESENTATIONS, VOID JUDGMENT

DECEPTIVE DEALINGS, NONCONSENSUAL LIEN & LIS PENDENS,

UNJUST ENRICHMENT, AND INJUNCTIVE RELIEF

COMES NOW, the PLAINTIFFS EMMA SERNA and MIKE SERNA and alleges and complains as follows:

JURISDICTION:

Subject matter jurisdiction.

Personal Jurisdiction.

Supplemental Jurisdiction.

(1 Freeman on Judgments, 120c).

Conflict of interest between Second Judicial District Court Judges and the Plaintiff.

Article 6, Right to a fair trial.

Fundamental Human Rights of 1948, Universal Declaration of Human Rights.

9 U.S. Code 4 failure to arbitrate under the contract agreement.

49 U.S.C. 46301 Unfair and Deceptive dealings.

4 of the Defamation Act 2013.

SSR 79-4:  SECTION 207, 452 (b), 459 and 462 (f) (42 U.S.C. 407, 652 (b), and 662 (f) Levy and Garnishment Of Social Security Benefits.
Payments shall not be subject to execution, levy, attachment, garnishment, or other legal process or insolvency law.

Violation of a federal statute.

28 U.S.C. 1331 Original Jurisdiction.

28 U.S.C. 1367.


Plaintiffs:

Emma Serna, is an individual who resides in the County of Bernalillo, and the City of Albuquerque, New Mexico, and is a citizen of the United States.
P.O. Box 65384
Albuquerque, NM 87193
(505)321-1661

Mike Serna, is an individual who resides in the County of Bernalillo, and the City of Albuquerque, New Mexico, and is a citizen of the United States.
P.O. Box 65384
Albuquerque, NM 87193
(505)321-1661

Defendants:

William Cooksey is being sued individually, and in his capacity as an attorney who is licensed in New Mexico. He is a citizen of the United States, and resides in the County of Bernalillo, and the city of Albuquerque, New Mexico
2040 4th St., N.W.
Albuquerque, NM 87
(505)243-6721

Daniel White, is being sued in his capacity as an individual, and as an attorney, and licensed to practice in New Mexico, and as of February, 2020 is d/b/a an LLC. He is a citizen of the United States, and resides in Albuquerque, New Mexico.
1122 Central Ave., S.W.
Suite 1
Albuquerque, NM 87102
(505)433-3097

David Webster, in his capacity as an individual who resides in the County of Bernalillo, and City of Albuquerque, New Mexico. He is a citizen of the United States.
8719 Tierra Alegre Dr., N.E.
Albuquerque, New Mexico 87122
(505)822-9072

Margette Webster, is being in her capacity as an individual, and resides in the County of Bernalillo, and the City of Albuquerque, New Mexico, and is a citizen of the United States.
8719 Tierra Alegre Dr., N.E.
Albuquerque, NM 87122
(505)822-9072

## INTRODUCTION

On April, 2019, Margette and David Webster, through their attorney, Daniel White, filed a civil lawsuit in state district court, against Mike Serna and Emma Serna, individually, and Emma Serna, as trustee of the Mike R. Serna Irrevocable Living Trust. The Mike R. Serna Irrevocable Living Trust owns all assets of Mike Serna and Emma Serna. The Websters sued to foreclose on the "Irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living Trust will not be a party to any lawsuit. The Plaintiff motioned the judge to dismiss the case because the Websters want to foreclose on a property that is owned by the "Irrevocable Trust, and with a "Void" judgment, and this state court refuses to sign an Order that states the Judgment is "Void".

Margette Webster has caused grave harm, and has injured the Plaintiffs with misrepresentations.

### Count 1
### MISREPRESENTATIONS

Defendant Margette Webster has misrepresented herself as being
"Margaret Webster", a person that was never a party member to any
lawsuit, and does not exist.  Margette misrepresented herself to Ms.
Serna's bank, BBVA Compass Bank, in order to take Mike Serna's,
and Emma Serna's Social Security.  She took Ms. Serna's inheritance
and knowingly and willfully made false statements or/and representations
for the benefit of obtaining a benefit or payment under chapter, 33 U.S.
Code 931.  These violations were enabled by Attorney William Cooksey
who vouched for Margette Webster that she was "Margaret Webster"
in order for Compass Bank to release the funds to Margette.  David

Webster also sued and said Margette was Margaret, for the sole purpose that Compass Bank would give Margette Serna's money. William Cooksey, David Webster, and Margette Webster knew the falsity of the statement at the time or were reckless in making the statement. All knew that Margette's name has never been Margaret, but the chance of deceiving the bank, and that Margette had a judgment against Emma Serna, they all were aware that what they were doing was fraud. All three enjoyed unjust enrichment with the representations they were making to the bank. Margette knew that all the Defendants intended to deceive the Plaintiff out of her money, located at BBVA Compass Bank. Margette wrote up her own writ of garnishment, and knew if she hand wrote a/k/a Margette Webster next to Margaret Websters name she could deceive the bank, and Attorney Cooksey would verbally vouch for her, therefore they did not ask her for her I.D., driver's license, birth certificate. Attorney Cooksey is Compass bank's attorney. Federal Rule of Civil Procedure 9 (b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, and the Webster's mind is in a state of malice. For a person to file suit against the Plaintiff with the desire of forclosing on a home that is owned by an Irrevocable Trust, and files a Lis Penden, on the property, and the property nor the Irrevocable Trust ever did any wrong to the Defendants. Their frame of mind has to be in a very immoral and otherwise wrongful state of conduct. Knight v. E.F. Hutton and Co., Inc., 750 F. Supp. 1109, 1114 (M.D. 1990).

## Count II
## VOID JUDGMENT

1. The judgment/award and why it is "Void". The first arbitration was according to the contract with AAA, and Margette and David chose not to attend. They defaulted. The second arbitration was court-annexed, and Serna did not attend because there was a mandate for the Serna's granted summary judgment, and the judgment had not been signed, and the arbitrator knew only a court judge could sign the judgment. The first arbitrator did not write a judgment up, but the second arbitrator wrote a a judgment to a "Margaret Webster and against a Emma Serna d/b/a Serna & Associates, LLC. A company that Emma Serna does not own, and it is a limited liability company. The award/judgment does not say, Emma Serna, individually, it says doing business as. The Defendants had (90) days to correct or modify the award, and they chose not to. Now (5) years later, they want to use this "Void' award to foreclose on

property that belongs to an "Irrevocable Trust"!
The Supreme Court Order no. 08-8300-29, dated Nov. 3, 2008, no. 7,
a lawyer has a legal responsibility not to abuse the position of a trustee.
Attorney White, in his voluminous filed pleadings, was trying to force the
Court to make the trustee disclose the benefactor's personal information.
A trustee will not breach the fiduciary duty of loyalty to the beneficiaries.
A void judgment does not create any binding obligation.
Federal decision addressing void state court judgments. Case: Kalb v.
Feuerstein (1940) 308 US 433, 60 S CT 343, 84 L ed 370; Ex parte
Rowland (1882) 104 U.S, 604, 26 L.Ed. 861.

A void judgment is not entitled to the respect accorded a valid
Adjudication, but may be entirely disregarded. It has no legal or binding
force or efficacy for any purpose or at efficacy for any purpose or at any
place. The rules and regulations of an arbitration call for (90) days, and
once the award is adopted as is, it is not entitled to enforcement. The
award was given in 2015, the summary judgment was granted in 2008,
and the mandate was issued in 2014, therefore a void award/judgment
all proceedings founded on the void judgment are themselves regarded
as invalid. 30A Jur judgments "44, 45". A arbitration award has one
year to enforce collection.

Daniel White agreed with the Plaintiff, in the first hearing in state district
court, then when the stenographer wrote up the minutes of the hearing,
she left out Attorney White saying, that the award is void. As of today,
he says that the award is not void.  The Plaintiff proved that that the
award is void. This attorney has lied to the judge, and has shown
candor towards the tribunal, and has refused to correct his misrepre-
sentations.

## COUNT III
## DECEPTIVE DEALINGS

ORDER TO INCLUDE EMMA SERNA into lawsuit:

Emma Serna filed a lawsuit, in state district court after Margette Webster
filed her lawsuit against Emma Serna d/b/a Serna & Associates, LLC.
in 2017, Attorney Cooksey motioned for a hearing, in state court in front
of Judge Nash, and he had written a "&" in Emma Serna's case, so the
court could include Emma Serna, individually into the old lawsuit. This

was (10) years after the lawsuit was filed, and (2) years after the award
was issued. Judge Nash said, Emma Serna is included in the judgment.
this was an arbitration award/judgment, and the (90) days were up for

any changes, back in 2015. The judge ruled even though she was in a pending lawsuit with the Plaintiff. This made her ruling null and void. Attorney Cooksey was dealing with deceptive dealings, and the award had been adopted back in 2015. The added "&" did not have initials or was there ever a motion to change the lawsuit. In 2017, Attorney Cooksey ordered a hearing to make the change, and add Emma Serna Into the judgment.

## COUNT IV

## NONCONSENSUAL LIEN AND LIS PENDENS

New Mexico Statutes Chapter 48, Liens 48-1A-5, Non-enforceability of non-consensual common law liens. Nonconsensual common law liens against real property shall not be recognized or be enforceable. At the time the lien is claimed. Governed by Statute 33-811(C) a person who has defenses or objections to a properly noticed sale has one avenue for challenging the sale: filing for injunctive relief.

## COUNT V

## UNJUST ENRICHMENT

Margette and David Webster now have a total of $129,588 of Serna's money taken illegally or by mistake.
1. Used a false writ of garnishment to come onto the Irrevocable Trust property using 60-70 deputies, and used guns and clubs to force the Serna Party to give them $20.000.00. Money borrowed against the Trust Property.

2. Had Defendant Cooksey tell BBVA Compass Bank to give Margette Webster the Plaintiff's Social Security, and Emma's inheritance money. Respectively, $5,000.00 S.S., and $10,588.00 inheritance. David and Margette used a writ of garnishment to collect this money from the Plaintiffs' bank account.

3. Defendant Margette Webster never paid her balance on the construction Contract of $5,100.00, "change orders" that she signed for, and has enjoyed without objections. The amount now due is approximately $94,000.00 due since May 21, 2004.

## COUNT VI

## INJUNCTIVE RELIEF

The Plaintiffs "Object" to all the deceptive dealings of the Defendants, and Attempting to foreclose on the home owned by the Mike R. Serna Irrevocable Living Trust. They have caused irreparable damage to our livelihood. Caused undue harm, and have injured the Plaintiffs tremendously with their False and deceptive actions. Losses attained:

1. Social Security used monthly to maintain the household expenses, and Good credit. The Plaintiff had to borrow money for those two months.
2. Inheritance money, to finish paying for Ms. Serna's dad's funeral expenses. Funds to pay for Ms. Serna's future funeral expenses.
3. The construction company had to borrow money to pay the sub-contractors, and the supplies used in Webster's home.
4. The sheriff's collection department forcing themselves into the Plaintiff's Home, before 8 A.M. and demanding all the furnishings, and or money, And laughing, because if the Plaintiffs weren't home the deputies were Going to break down the door. 60-70 men outside the home with guns, And clubs, and they treated us worst than convicts. They did not even Have a valid judgment to assert such actions, and a writ written by a Judge who had a lawsuit pending against her by the Plaintiff.
5. Objection to the Sale of any of the Irrevocable Trust Property as the Trust Is not a party member to any lawsuit.

## RELIEF ON COUNT I

The Defendants have made so many misrepresentations to so many people, businesses, courts of law, that the damages are permanent, and the penalty of $10,000.00 and imprisonment of no more than (5) years is a small price for these defendants to pay.

Defendant Attorney White filing a complaint to foreclose on the Trust property Without a judgment or the Plaintiffs ever owning any money to the Websters. Presenting to the tribunal a arbitration award that has so many errors and Trying to pass this (5) year old award that is invalid to foreclose on property That has done no wrong doing to the Defendants.

## RELIEF ON COUNT II

The Defendants omitted all the facts of the Arbitration award/judgment that the courts erred in not issuing an Order that declared the award/judgment "Void", and the Defendants capitalized on the obvious mistakes on the award. this is where the Defendants displayed their knowledge of recklessness, and an intent to deceive or induce reliance.  Fraud has been committed.

This invalid "Void" award/judgment has been the source of all the abuse, and Corruption caused by the Defendants.  This Arbitration Award has to have an Order, entered into the courts that it is "Void", and state district court will not Sign such an order, because the state court has taken a bias side.

## RELIEF ON COUNT III

## DECEPTIVE DEALINGS

When a bank attorney, such as Attorney William Cooksey, presents an altered incorrect writ of garnishment to the bank that employees him, and trust him, this speaks loudly of his character, and his dealings against the bank that feeds him, and that he helps out any person that is willing to give him payment for his deceptive dealings. Regardless of who he hurts. The Plaintiffs suffered damages at Attorney Cookseys actions when he improperly presented the writ of garnishment, that was made out to a "Margaret Webster", a non-party member, and no proper identification from Margette Webster that proved she was "Margaret Webster".

Relief should include an Order issued to BBVA Compass Bank to return all of the Plaintiff's money, Social Security and inheritance money @ 18% interest, and relief of not less than $300,000.00 for the unjust treatment, and have the bank's collection department retrieve the money they paid out to David and Margette Webster either by mistake or fraudulently. Defendant Attorney Cooksey for inducing or otherwise through improper motives should compensate the Plaintiff for suffered damages a total of $400,000.00, for violating the Social Security Act and inheritance law, and fraud.

## RELIEF ON COUNT IV
## NONCONSENSUAL LIEN AND LIS PENDENS

Relief from Defendants' Daniel White, David Webster, and Margette Webster for filing a lien, and a Lis Pendens on property owned by the "Irrevocable Trust", and filed with malice intent. The title has been clouded, and the value reduced and Defendants have relied on fraud with false representations. The statements of the award are false and/or misleading in that there was never a "Margaret Webster" as a party member to either lawsuits, and this is a legal document in which, even metro court, will only approve judgments with the legal names. Defendant Attorney Daniel White is demonstrating candor towards the tribunal by entering a judgment that is made out to a 'Margaret Webster", and Margette Webster hand wrote "a/k/a Margette Webster in. Both Defendants White and Margette Webster have induced fraud into the courts, and committed a misrepresentation of fact, and either had the knowledge of the falsity of the representation or recklessness of their actions.

Relief requirements on this count should be expungement of lien and release of Lis Pendens on all of the Mike R. Serna Irrevocable Living Trust, and the Defendants should have never sued Mike R. Serna, because in lawsuit 2007-06641 the courts had found that Mike Serna had nothing to do with David or Margette Webster ever, and he had been dismissed from that case. The damages that each one of the Defendants should face is $400,000.00 each for slander of Title, Malice, publication, writ of garnishment, and writ of execution, punitive damages, and any other this court sees right and proper.

## RELIEF ON COUNT V

## UNJUST ENRICHMENT

David and Margette Webster have lined their pockets at the Plaintiff's expense, and there was no justifiable reason for the injury.

Relief is needed in an Order to the Bernalillo Sheriff's Collection Department to return the Plaintiff's $20,000.00 at 18%, and for that department to collect the money from David and Margette Webster. The Plaintiffs have been paying on this mortgage since May 17, 2017, and this was done with a lack of good faith or probable cause to vex and injure the Plaintiffs.

I ask the courts to see if this falls under their guidelines, and if not foreclosure on the properties of David and Margette Webster would satisfy the Plaintiff's loss, and dissolve the Defendants displayed hatred and ill will.

## COUNT VI

## INJUNCTIVE RELIEF

The Plaintiffs hereby request injunctive relief for their "Objection to the Sale of the Mike R. Serna Irrevocable living Trust" properties. The Defendants filed a frivolous lawsuit, and state court has seen the discovery, but has not acted with proper care.

## CONSLUSION

I Pray this court sees that state court has been bias or mistakenly made several reckless statements, and the Defendants have relied on those reckless statements. The Defendant attorneys have made candor remarks, and statements to the tribunal, and there is no way a fair trial will be achieved. NMRA 16-303. These Defendants refuse to change their statements even after they have reviewed the facts and laws. A fair trial will not be had in state district court, and the State Supreme Court has filed an order that judges can not be recused until the Covid 19 virus is under control.

Rule 64 seizing property, attachment U.S.C Title 28 Attachment provided by state Law. The Plaintiffs allege knowledge of fraud, and has specified the intent The Plaintiffs deserve restitution from the Defendants, and any other relief this court deems right and proper.

                            Respectfully submitted,

*[signatures]*
Emma Serna and Mike Serna, Pro Se
P.O. Box 65384
Albuquerque, New Mexico 87193
(505)321-1661

AUTHORITIES:

18 U.S Code 1001 false statements.
Violation of Federal Rule 60 (b)
Violation of the Social Security Act of 1935 42 U.S.C. Chapter 7
Violation of 2006 New Mexico Section 48-1A-1 to 48-1A-9 NMSA Lien Protection Efficiency Act.
Non-Enforceability of nonconsensual common law liens.
Violation of N.M. Stat. Ann. 48-1A-9(C)
Violation of Title 28, Section 351, U.S.C. Deceptive Dealings
28 U.S. Code 1391 Right to a Fair Trial
American Convention on Human Rights Article 3, 8, 9 & 10
Williams v. Steward, 137 N.M. 420, 429, 112 P.3d 281, 290 Ct. App.
A party can recover damages proximately caused by the fraud. Id.
NVT Credit Corp. v. Reptron Electronics, Inc., 155 F.R.D. 690, 692.
Bailey v. Linsco/Private Ledger Corp. 136 F.R.D. 11, 14 n. 4 (D Me. 1991)

U.S. District Court
c/o Office of the Clerk
Albuquerque, NM

Drop Box

JUL 10 2020