IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA and
MIKE SERNA,

             Plaintiffs,

vs.                                                                                          No. CIV 20-0689 JB/KRS

WILLIAM COOKSEY,
DANIEL WHITE,
DAVID WEBSTER and
MARGETTE WEBSTER,

             Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure, and under 28 U.S.C. §§ 1441 and 1446, on: (i) Plaintiffs' Motion Daniel White in Violation of The Mike R. Serna Irrevocable Trust, filed August 3, 2020 (Doc. 4)("Motion for Violation"); (ii) Plaintiff's [sic] Request Supplemental Jurisdiction in State District Case No. CV-2020-03290, filed August 17, 2020 (Doc. 8)("Motion for Supplemental Jurisdiction"); (iii) Defendant Daniel White's Motion to Dismiss, filed August 18, 2020 (Doc. 9)("Motion to Dismiss"); (iv) Plaintiffs' Removal of Civil Proceedings in State Court into Federal Court Pursuant to Title 28 U.S. Code 1367, filed September 2, 2020 (Doc. 17)("Notice of Removal"); and (v) Defendant Daniel White's Motion to Remand, filed September 16, 2020 (Doc. 33)("Motion to Remand"). Plaintiffs Emma Serna and Mike Serna appear pro se. For the reasons set out below, the Court will: (i) dismiss Emma Serna's claims against Defendants David Webster and Margette Webster without prejudice for failure to comply with the filing restrictions imposed by the Court; (ii) grant White's Motion to Dismiss; (iii) deny the Motion for Violation; (iv) grant White's Motion

to Remand; and (v) deny the Sernas' Motion for Supplemental Jurisdiction.

## PROCEDURAL BACKGROUND

The Sernas filed a Complaint for Misrepresentations, Void Judgment Deceptive Dealings,

Nonconsensual Lien & Lis Pendens, Unjust Enrichment, and Injunctive Relief, filed July 10, 2020

(Doc. 4)("Complaint"). The Sernas allege:

> On April, 2019, Margette and David Webster, through their attorney, Daniel White, filed a civil lawsuit in state district court, against Mike Serna and Emma Serna, individually, and Emma Serna, as trustee of the Mike R. Serna Irrevocable Living Trust. The Mike R. Serna Irrevocable Living Trust owns all assets of Mike Serna and Emma Serna. The Websters sued to foreclose on the "irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living trust will not be a party to any lawsuit. The Plaintiff motioned the judge to dismiss the case because the Websters want to foreclose on a property that is owned by the "irrevocable Trust, and with a "Void" judgment, and this state court refuses to sign an Order that states the Judgment is "Void".

Complaint at 5. The Sernas also make the following allegations regarding White:

> Attorney White, in his voluminous filed pleadings, was trying to force the [state] Court to make the trustee disclose the benefactor's personal information … Daniel White agreed with the Plaintiff, in the first hearing in state district court, then when the stenographer wrote up the minutes of the hearing, she left out Attorney White saying, that the award is void. As of today, he says that the award is not void. The Plaintiff proved that the award is void. This attorney has lied to the judge, and has shown candor towards the tribunal, and has refused to correct his misrepresentations … Defendant Attorney White filing a complaint to foreclose on the Trust property Without a judgment or the Plaintiffs ever owning any money to the Websters. Presenting to the tribunal a arbitration award that has so many errors and Trying to pass this (5) year old award that is invalid to foreclose on property That has done no wrong doing to the Defendants … Defendant Attorney Daniel White is demonstrating candor towards the tribunal by entering a judgment that is made out to a 'Margaret Webster", and Margette Webster hand wrote "a/k/a Margette Webster in. Both Defendants White and Margette Webster have induced fraud into the courts, and committed a misrepresentation of fact, and either had the knowledge of the falsity of the representation or recklessness of their action.

Complaint at 7-12. The Plaintiffs conclude that "[a] fair trial will not be had in state district court,"

and contend that the "Plaintiffs deserve restitution from the Defendants." Complaint at 14.

The Sernas subsequently filed a Motion for Violation, which states:

The Plaintiffs, Pro Se, having received a motion, from Daniel White, to prevent Mike Serna, from his right to his established Irrevocable Trust. White is demanding that the trustee divulge all details of the Irrevocable Trust, and this is for the benefit of David and Margette Webster's unjust enrichment. Daniel White is requesting the state judge to sanction the Plaintiffs for not disclosing all documents of the Irrevocable Living Trust. White has a copy of the County Assessor's yearly tax role that discloses all of the Plaintiff's property belongs to the Irrevocable Trust … Emma Serna's inheritance was also garnished, with the aid of William Cooksey, who is BBVA Compass Banks' [sic] attorney, and David and Margette Webster's attorney.

Motion for Violation at 1-2.

White's response to the Motion for Violation states:

as stated in greater detail in Mr. White's Motion to Dismiss, both the Sernas' Complaint and their Motion [for Violation] should be rejected for the following reasons: (1) the Complaint and Motion are barred by the doctrine of *res judicata*; (2) Plaintiffs did not comply with the filing restrictions imposed by the Honorable James O. Browning; and (3) both the Complaint and the Motion are legally deficient.

Defendant Daniel White's Response to Plaintiffs' "Motion Daniel White in Violation of the Mike R. Serna Irrevocable Trust" [sic], filed August 18, 2020 (Doc. 10). The Sernas did not file a reply.

The Sernas ask the Court to "exercise[e] this court['] supplemental jurisdiction over a claim brought into state district court against Margette and David Webster." Motion for Supplemental Jurisdiction at 1. "The Serna Party filed a suit to foreclose on Margette and David Webster's property, for the money owed, on the remodel job that Emma Serna's business completed for Margette Webster, a total of $94,000.00, and accruing at 18% per annum." Motion for Supplemental Jurisdiction at 1. It appears that the Sernas want the Court to exercise supplemental jurisdiction over two state-court cases based on their request: "The Plaintiffs hereby request that Federal Court file a seize all rulings in case CV-2019-04800 and case CV-2020-03290 until the discovery, and all claims are resolved, in this court." Motion for Supplemental Jurisdiction at 3.

White's response to the Sernas' Motion for Supplemental Jurisdiction states:

Mr. White incorporates the arguments contained in his Motion to Dismiss into this response, and urges the Court to both deny the Serna' Motion and dismiss the Complaint, with prejudice, for the reasons stated therein.  Specifically, as stated in greater detail in Mr. White's Motion to Dismiss, both the Sernas' Complaint and their Motion should be rejected for the following reasons: (1) the Complaint and Motion are barred by the doctrine of *res judicata*; (2) Plaintiffs did not comply with the filing restrictions imposed by the Honorable James O. Browning; and (3) both the Complaint and the Motion are legally deficient.

Defendant Daniel White's Response to "Plaintiff's Request Supplemental Jurisdiction in State District Case No. CV-2020-03290" [sic], filed August 26, 2020 (Doc. 14)("Response to Motion for Supplemental Jurisdiction").  White also asks "for the implementation and enforcement of filing restrictions against the Sernas to put an end to their vexatious filings."  Response to Motion for Supplemental Jurisdiction at 2.  The Sernas did not file a reply to White's Response to Motion for Supplemental Jurisdiction.

White filed a Motion to Dismiss Plaintiffs' Complaint "for the following reasons: (1) the Complaint is barred by the doctrine of *res judicata*; (2) Plaintiffs did not comply with the filing restrictions imposed by the Honorable James O. Browning; and (3) the Complaint fails to state a claim upon which relief can be granted."  Motion to Dismiss at 1.

Defendant White argues the Complaint is barred by the doctrine of res judicata, based on three prior lawsuits: (i) Serna v. Webster, No. 1:17-cv-00020-JB-JHR, filed January 9, 2017 ("Serna I"); Serna v. White, No. 1:20-cv-00299-MV-SCY, filed April 2, 2020 ("Serna II"); and (iii) an "underlying state court lawsuit Emma Serna filed against David Webster and Margette Webster."  Motion to Dismiss at 2-3.  The Motion to Dismiss does not identify the case name or number of the "underlying state court lawsuit," but states that the order dismissing the "underlying state court lawsuit" is "attached as Ex. E."  Motion to Dismiss at 3.  White's counsel did not attach the order dismissing the underlying state court lawsuit to the Motion to Dismiss.

White argues that the prior complaints "operate to bar the present case under the doctrine

- 4 -

of *res judicata*, or claim preclusion," because:  (i) the prior three cases "ended with judgments on the merits;" (ii) "the parties are identical or in privity;" (iii) "the instant lawsuits and Prior Complaints 1, 2, and 3 are based on the same cause of action;" and (iv) "the Sernas had a full and fair opportunity to litigate their claims" in the prior cases.  Motion to Dismiss at 3.  White correctly notes that in <u>Serna II</u>, the Court dismissed the federal law claims with prejudice, but dismissed the state-law claims without prejudice.  <u>See</u> Motion to Dismiss at 2.  <u>See also</u> <u>Serna II</u>, Memorandum Opinion and Order of Dismissal at 6, filed June 30, 2020 (Doc. 18)(dismissing Plaintiffs Emma Serna and Mike Serna's federal law claims with prejudice and dismissing their state-law claims without prejudice).  White also states that "Plaintiff Emma Serna was a plaintiff in all four lawsuits, and her husband Mike Serna was both in privity with her and also a named party to two of the four lawsuits," but does not explain how Mike Serna is in privity with Emma Serna.  Motion to Dismiss at 3.

White argues that the Complaint should be dismissed because the Sernas failed to comply with the applicable filing restrictions.  <u>See</u> Motion to Dismiss at 3.  The Court previously imposed filing restrictions upon Emma Serna.  <u>See</u> <u>Serna I</u>, Amended Memorandum Opinion and Order Adopting the Magistrate Judge's Third Proposed Findings and Recommended Disposition, Dismissing This Case With Prejudice, and Imposing Filing Restrictions Upon Plaintiff, Emma Serna at 17, filed April 5, 2018 (Doc. 185)("<u>Serna I</u> Order Imposing Filing Restrictions").  Those filing restrictions, in relevant part, stated:

a.    To obtain permission to proceed pro se against the Defendants named herein, Serna must take the following steps:

i.    File a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against the Defendants.

ii.   File with the Clerk a notarized affidavit, in proper legal form, which recites the issues she seeks to present, including a short discussion

of the legal right asserted and why the Court has jurisdiction over the matter.   The affidavit must certify, to the best of Serna's knowledge, that the legal arguments being raised are not frivolous or made in bad faith, that they are warranted by existing law or a good faith argument for the extension modification, or reversal of existing law, that the new suit is not interposed for any improper purpose such as delay or to needlessly increase the cost of litigation, and that she will comply with all Federal and local rules of this Court. Th affidavit must certify why the proposed new suit does not present the same issues decided by this Court and repeatedly addressed by the New Mexico courts and why another suit against these Defendants would not be an abuse of the system.

b.   Serna shall submit these documents to the Clerk of the Court, who shall forward them to the Chief United States Magistrate Judge for review to determine whether to permit a pro se original proceeding.  Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action.

Serna I, Third Proposed Findings and Recommended Disposition at 2-3, filed January 26, 2018

(Doc. 172) ("Serna I Filing Restrictions").

White argues that the Complaint should be dismissed for failure to state a claim:

Although it is not completely clear which claims the Sernas are asserting against Mr. White specifically, they complain that he has filed motions on behalf of his clients, the Websters, in various underlying litigation.  (*See generally* Complaint.) With respect to these motions, the Sernas have neither identified a duty Mr. White owes them that he breached in his representation of his clients, nor have they demonstrated a legal entitlement to collaterally attack state court proceedings in this Court.

Motion to Dismiss at 3-4.

The Sernas address the issue of res judicata by arguing that: (i) Serna I "was appealed, and Federal Court of Appeals did not go precedent with Judge Browning;" (ii) in Serna II, "Judge Va[z]quez[] ordered that the Plaintiff, do not enter the complaint against the judges, and solve that matter in their proper respective matter, and continue with your state claims;" and (iii) the state court judge in Serna III "did not have jurisdiction to rule on the case" and was impartial.  Response to Defendant Daniel White's Motion to Dismiss at 1, filed August 24, 2020 (Doc. 11)

("Response").  When addressing White's assertion that the Sernas failed to state a claim upon which relief can be granted, the Sernas stated: "The Relief amount from Daniel White is detailed in Relief on Count IV, so the answer is incorrect with an assumption of no relief.  Each Count gives a full detail for which 'Relief' Should be granted."  Response at 3.

In his reply, White asserts: (i) "Plaintiffs further do not, and cannot, contest the fact that all three prior lawsuits bar the present Complaint under the doctrine of *res judicata*, because this lawsuit is the fourth lawsuit Plaintiffs have filed 'involving the same parties or their privies based on the same cause of action;'" (ii) Plaintiffs "do not dispute that their lawsuit violated these valid and binding filing restrictions;" and (iii) Plaintiffs have not asserted any "argument[s] [which establish] a good faith basis to bring any claim against Mr. White."  Defendant Daniel White's Reply in Support of his Motion to Dismiss at 1-2, filed September 8, 2020 (Doc. 22).

The Notice of Removal states: "COMES now the Plaintiffs filing state claims be joined with federal claims Pursuant to Rule 11 of the Federal Rules of Civil Procedure, and supplemental Jurisdiction due to Constitutional issues, retaliation of judges, and a void judgement."  Notice of Removal at 1.  The Notice of Removal states: "Cases in state court for removal of civil actions are the following: Case CV-2019-4800 ["2019 Case"] on going in state court. Case CV-2020-3290 ["2020 Case"] dismissed by Judge Brickhouse."  Notice of Removal at 2.

Defendant Daniel White seeks to remand the cases removed by the Sernas because: (i) the "removed Complaint [2019 Case] does not raise federal claims and the parties are not diverse;" (ii) "the timeframe [for removal] has long passed;" and (iii) "[a]lthough it is unclear, in their Removal, the Sernas may also be attempting to remove another state court action [2020 Case]: the lawsuit that the Sernas initiated against David and Margette Webster in Second Judicial District Court, which was dismissed by Judge Brickhouse on September 11, 2020."  Motion to Remand at

2-3.  The Websters filed the 2019 Case against the Sernas in the Second Judicial District Court on June 20, 2019.  See Exhibit A at 1, filed September 16, 2020 (Doc. 33-1).  Emma Serna filed the 2020 Case against the Websters in the Second Judicial District Court on May 29, 2020.  See Exhibit B at 1, filed September 16, 2020 (Doc. 33-2).

The Sernas argue that: "The Defendants pursuing foreclosure on an Irrevocable Trust Property, and depriving the Plaintiffs' of their Civil Liberties, and subsection 1367(a) provides that this Court can exercise supplemental jurisdiction."  Plaintiffs' Answer to Daniel White's Remand Motion at 2, filed September 18, 2020 (Doc. 35).

In his reply, White asserts that the Sernas do not dispute that the "Court has neither federal question nor diversity jurisdiction over the Removed Complaint," nor do the Sernas "contest that their Removal was untimely."  Defendant Daniel White's Reply in Support of Motion to Remand at 1-2, filed October 2, 2020 (Doc. 38).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [Petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110.  The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING RULE 12(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The sufficiency of a complaint is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis omitted). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(citations omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense – the courts handle these cases differently than other motions to dismiss. See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247. Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent

on the face of the complaint.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1277, at 643 (3d ed. 2004).  If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeals, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage – by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006)(Ripple, J.).  Although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this practice.  See Anderson Living Trust v. WPX Energy Prod., LLC, 27

- 11 -

F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## LAW REGARDING THE FINALITY OF STATE COURT JUDGMENTS IN <u>FEDERAL COURT</u>

Res judicata and collateral estoppel are common-law doctrines of finality, which serve to relieve parties of the costs and vexation of multiple lawsuits, conserve judicial resources, and prevent inconsistent decisions. See <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Federated Dep't Stores, Inc. v. Moitie</u>, 452 U.S. 394, 398 (1981)(citing <u>Comm'r v. Sunnen</u>, 333 U.S. 591, 597 (1948)). Collateral estoppel precludes relitigation of a common issue of law or fact which was necessarily decided in a prior court's final judgment. See <u>Allen v. McCurry</u>, 449 U.S. at 94. In determining whether a doctrine of finality applies, a decision from a state court has the same preclusive effect in federal court as the decision would have in a subsequent state court action. See <u>Reed v. McKune</u>, 298 F.3d 946, 949-50 (10th Cir. 2002)(citing 28 U.S.C. § 1738 ("[The] judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they would by law or usage in the courts of such . . . from which they are taken.")). A district court in the Tenth Circuit applying res judicata or collateral estoppel to a decision from a state court must look to the laws of that state to determine the required elements for either doctrine to preclude a claim or issue brought in federal court. See <u>Reed v. McKune</u>, 298 F.3d at 949 ("In determining whether a state court judgment precludes a subsequent action in federal court, we must . . . giv[e] it the same preclusive effect as would the courts of the state issuing the judgment." (internal quotation marks omitted)(quoting <u>Rhodes v. Hannigan</u>, 12 F.3d 989, 991 (10th Cir. 1993))). Thus, if a state law in state court would preclude re-litigation of a claim or an issue of law or fact, the same claim or issue is precluded in federal court. See <u>Reed v. McKune</u>, 298 F.3d at 949 (applying Kansas law

to determine whether collateral estoppel precludes an issue of fact or law in a federal court action containing § 1983 claims).

## RELEVANT NEW MEXICO LAW REGARDING RES JUDICATA

Under New Mexico law, res judicata, also known as claim preclusion, bars re-litigation of "the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits." Deflon v. Sawyers, 2006-NMSC-025, ¶ 2, 137 P.3d at 579.  New Mexico law prescribes four elements for a party seeking to assert res judicata: "(i) the same parties or parties in privity; (ii) the identity of capacity or character of persons for or against whom the claim is made; (iii) the same subject matter; and (iv) the same cause of action in both suits." Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1285-86 (citing Apodaca v. AAA Gas Co., 2003-NMCA-085, ¶ 75, 73 P.3d 215, 238-39[1]).  Res judicata is a broad bar, precluding a party from bringing any claims which were, or which could have been raised in a prior proceeding finally determined on the merits.  See Kirby v. Guardian Life Ins., 2010-NMSC-014, ¶ 61, 231 P.3d 87, 105. To determine whether a prior suit, under res judicata, precludes a claim in a second suit, New Mexico courts will look to: "(i) the relatedness of the facts in time, space origin, or motivation; (ii) whether, taken together, the facts form a convenient unit for trial purposes; and (iii) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." Hartnett v. Papa John's Pizza USA, Inc., 828 F. Supp. 2d at 1285-86 (citing Bank of Santa Fe v. Marcy Plaza Assocs., 2002-NMCA-014, 40 P.3d 44217).  Additionally,

---

[1]The Court is confident that, if presented with the issue, the Supreme Court of New Mexico would agree with the Court of Appeals of New Mexico's statement of res judicata's elements in Apodaca v. AAA Gas Co., because of the Supreme Court of New Mexico's statement of the same elements in Silva v. State, that "Application of the doctrine of *res judicata* . . . depends upon identity of prior and subsequent actions in four respects: (1) parties or privies, (2) capacity or character of persons for or against whom the claim is made, (3) cause of action, and (4) subject matter." Silva v. State, 1987-NMSC-107, ¶ 5, 745 P.2d at 382.

res judicata bars a claim only where a party had a "full and fair opportunity to litigate issues arising out of that claim." Kirby v. Guardian Life Ins., 2010-NMSC-014, ¶ 61, 231 P.3d at 105.

## RELEVANT LAW REGARDING SUBJECT-MATTER JURISDICTION

It is a fundamental precept of American law that the federal courts are 'courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law -- federal-question jurisdiction -- and controversies arising between citizens of different states -- diversity jurisdiction. See 28 U.S.C. §§ 1331, 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United States Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction

and "must allege in his pleading the facts essential to show jurisdiction." <u>United States ex rel. general rock & Sand Corp. v. Chuska Dev. Corp.</u>, 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted).  In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, <u>see Whitelock v. Leatherman</u>, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, <u>see United States v. Rodriguez-Aguirre</u>, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).  "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1218 (10th Cir. 2006)(emphasis in original).

## <u>RELEVANT  LAW REGARDING REMOVAL AND REMAND</u>

A defendant may remove a state civil action "to the district court of the United States for the district and division embracing the place where such action is pending" if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  The right to removal is a statutory right; and thus the removing defendants must carefully follow all statutory requirements. See <u>Bonadeo v. Lujan</u>, No. CIV 08–0812 JB/ACT, 2009 WL 1324119, at *9–10 (D.N.M. Apr. 30, 2009)(Browning, J.).  The removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.  <u>See Shamrock Oil & Gas v. Sheets</u>, 313 U.S. 100, 108–09 (1941); <u>Fajen v. Found Reserve Ins. Co.</u>, 683 F.2d 331, 333 (10th Cir. 1982).  "[T]here is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand.  <u>Laughlin v. Kmart Corp.</u>, 50 F.3d 871, 873 (10th Cir.1995)(citation omitted).  On the other hand, this strict construction and presumption against removal should not be interpreted as a hostility toward

removal cases in the federal courts. <u>See</u> <u>Bonadeo v. Lujan</u>, 2009 WL 1324119, at *12 ("Strict construction does not mean judicial hostility toward removal.").

1. **Jurisdiction.**

A defendant may remove a case to federal court only where a federal district court would otherwise have original jurisdiction over the case. <u>See</u> 28 U.S.C. § 1441(a)("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. . . ."). The removing defendant has the burden of proving original federal jurisdiction by a preponderance of the evidence and of establishing the right to removal. <u>See</u> <u>McPhail v. Deere & Co.</u>, 529 F.3d 947, 953 (10th Cir.2008)("[A]ccording to this and most other courts, the defendant is required to prove jurisdictional facts by a 'preponderance of the evidence.'"): <u>Karnes v. Boeing Co.</u>, 335 F.3d 1189, 1194 (10th Cir.2003)("[W]e emphasize that the burden is on [the defendant] to show jurisdiction by a preponderance of the evidence."); <u>Chavez v. Kincaid</u>, 15 F. Supp.2d 1118, 1119 (D.N.M.1998). If the defendant's alleged basis of original federal jurisdiction is diversity, the defendant has the burden to establish that diversity exists. <u>See</u> <u>McPhail v. Deere & Co.</u>, 529 F.3d at 953. At the point of the filing of the notice of removal, however, the defendant need only state the facts upon which jurisdiction is based. <u>See</u> <u>Laughlin v. Kmart Corp.</u>, 50 F.3d at 873 ("[T]he requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.")(emphasis added). In <u>Laughlin v. Kmart Corp.</u>, the court found the notice of removal inadequate because it failed to even make reference to an amount in controversy. <u>See</u> <u>Laughlin v. Kmart Corp.</u>, 50 F.3d at 873 ("The notice of removal does not refer to an amount in controversy[.]").

Section 1332 of Title 28 of the United States Code grants the federal district courts original

jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a) (emphasis added). The Supreme Court of the United States has described this statutory diversity requirement as "complete diversity," and it is present only when no party on one side of a dispute shares citizenship with any party on the other side of a dispute. See Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806); McPhail v. Deere & Co., 529 F.3d 947, 951 (10th Cir.2008)(citing Strawbridge v. Curtis, 7 U.S. at 267-68).

For diversity-jurisdiction purposes, citizenship is determined by a person's domicile. See Crawley v. Glaze, 710 F.2d 776, 778 (10th Cir. 1983). A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. See Crawley v. Glaze, 710 F.2d at 778. See also Freeport–McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991)(holding that diversity jurisdiction is assessed as of the time the suit is filed); Shaw v. AAA Engineering & Drafting Inc., 138 Fed. Appx. 62, 70 (10th Cir. 2005). If these elements cannot be established as to any place, the person's domicile is his or her parents' domicile at the person's birth. See Gates v. C.I.R., 199 F.2d 291, 294 (10th Cir.1952)("[T]he law assigns to every child at its birth a domicile of origin. The domicile of origin which the law attributes to an individual is the domicile of his parents. It continues until another domicile is lawfully acquired."). And, while residence and citizenship are not the same, a person's place of residence is prima facie evidence of his or her citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir.1994). A corporation, on the other hand, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir.2000)(quoting 28 U.S.C. § 1332(c)(1))

2.    __Time for Removal__.

Section 1446 of Title 28 of the United States Code governs the procedure for removal. See 28 U.S.C. § 1446(b).  It demands that "[t]he notice of removal . . . be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . or . . . after the service of summons . . . if such initial pleading has then been filed in court and is not required to be served . . . , whichever period is shorter." 8 U.S.C. § 1446(b).  Furthermore, at least in cases in which the complaint was not removable as initially filed, a plaintiff must make any diversity-based removal within one year of the commencement of the action. See id. The requirement that a defendant timely file the notice of removal is mandatory, though it is not jurisdictional.  See Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v. Cahoj, 794 F .Supp. 1061, 1062 (D.Kan.1992)). Neither the Supreme Court nor the United States Court of Appeals for the Tenth Circuit, however, has spoken on whether, in a case of more than one defendant, the thirty-day clock for removal begins to run when the first defendant is served or when the last defendant is served.  There appears, however, to be a split among the other federal courts on this issue.  See Day Imaging, Inc. v. Color Labs Enters., LLC, No. 09-CV-02123 DME/MEH, 2009 WL 4884274, at * *1–2 (D. Colo. Dec. 11, 2009)(citing cases on both sides of the debate, but declining to pick one and remanding on other grounds).

A majority of judges in the District of New Mexico support the traditional view that the thirty-day removal period begins to run when service of process is accomplished on the first-served defendant. This rule is referred to as the "first-served rule." Bonadeo v. Lujan, 2009 WL 1324119, at * *6–7 (citing Walter v. Radioshack Corp., No. CIV 02–1001 WJ/LFG, Memorandum Opinion and Order (D.N.M. November 1, 2002); Sugg v. Albuquerque Pub. Sch. Dist., No. CIV 95–1184 LH/DJS, Memorandum Opinion and Order (D.N.M. January 26, 1996); Ramsey v. CSG Security

Servs., Inc., No. CIV 95-0888 LH/LCS, Memorandum Opinion and Order (D.N.M. November 8, 1995); ITT Comm'l Credit Corp. v. Hotel Dey Corp., No. CIV 91–0634 M, Memorandum Opinion (D.N.M. September 1991)).  This Court, however, has concluded that "the more modern, 'last-served' rule is more in harmony with the language of the removal statute, and is a more fair and workable rule."  Bonadeo v. Lujan, 2009 WL 1324119, at *10. "Under that rule, the clock begins running on each defendant to either remove a case or join a removal petition when that defendant receives formal service of process."  2009 WL 1324119, at *10.

3.    **Joinder of Parties**.

The removal statute does not explicitly require that all defendants who have been served in a multi-defendant case must join in the notice of removal. See Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d 1253, 1257 (D.N.M.2008)(Johnson, J).  Nevertheless, the Tenth Circuit has stated that, where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal.  See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir.1981).  A notice of removal fails if this procedural requirement is not met.  See Cornwall v. Robinson, 654 F.2d at 686.  Courts generally refer to this requirement, that all defendants served at the time of filing must join in the notice of removal, as the "unanimity rule."  McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D.Kan.1997).  The unanimity rule requires that, "where there are multiple defendants, all defendants served at the time of filing must join in the notice of removal."  Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d at 1257.  Courts have also required that, to join a notice of removal, the support must be in writing.  See Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D.Kan.1996)(citing Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir.1994)); 16 J. Moore & G. Vairo, Moore's Federal Practice § 107.11[1][c], at 107–38 (3d ed.2008).  Some courts, however, "have accepted oral consents directed expressly at the court."  Id. § 107.11[1][c], at 107–38 (citing cases).

Most, if not all, courts have declined to require all defendants to sign the same notice of removal.  See Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n. 11(5th Cir.1988); McShares, Inc. v. Barry, 979 F. Supp. at 1342; Jarvis v. FHP of Utah, Inc, 874 F. Supp. 1253, 1254 (D. Utah 1995).   Some courts, however, have imposed on the non-removing defendants an additional requirement. Some courts state that, although all defendants are not required to sign the same notice of removal, each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period. See McShares, Inc. v. Barry, 979 F. Supp. at 1254; Jarvis v. FHP of Utah, 874 F. Supp. at 1254.

The United States District Court for the District of Kansas laid out the rationale for this "independent and unambiguous" consent requirement in Henderson v. Holmes, 920 F. Supp. 1184 (D. Kan. 1996):

> There are valid reasons for [the requirement of independent and unambiguous filing of consent]. Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." [Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of N. Am., 841 F.2d at 1262 n. 11]. It serves the policy of insuring the unanimity necessary for removal.  Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1238 (N.D. W.Va. 1993).  It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. Barger v. Bristol–Myers Squibb Company, 1994 U.S. Dist. LEXIS 2267,*11, 1994 WL 69508, at *2 (D. Kan. Feb. 25, 1994)(No. 93–2485–JWL).   It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff. [Jarvis v. FHP of Utah, Inc., 874 F. Supp. at 1255].   District courts within the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements. See, e.g., Ogletree v. Barnes, 851 F. Supp. 184, 188–190 (E.D. Pa. 1994)(Third Circuit); Martin Oil Co. [v. Philadelphia Life Ins. Co.], 827 F. Supp. at 1238–39 (and citations therein)(Fourth Circuit); Thompson v. Louisville Ladder Corp., 835 F. Supp. 336, 337 n. 3 (E.D. Tex. 1993)(Fifth Circuit); Knickerbocker v. Chrysler Corp., 728 F. Supp. 460, 461-62 (E.D. Mich.1990)(Sixth Circuit); Fellhauer v. City of Geneva, 673 F. Supp. 1445, 1447–48 (N.D. Ill .1987)(Seventh Circuit); Ford v. New United Motors, Mfg., Inc., 857 F. Supp. 707, 708 n. 3 (N.D. Cal 1994)(Ninth Circuit); [Jarvis v. FHP of Utah, Inc.], 874 F. Supp. at 1254–55 (Tenth Circuit); and Knowles v. Hertz Equipment Rental Co., 657 F. Supp. 109, 110 (S.D. Fla.1987)(Eleventh Circuit).

920 F. Supp. at 1187 n. 2.

Under this "independent and unambiguous" rule, it is insufficient for the removing defendant, in its notice of removal, to represent that all other defendants consent to removal. See McShares, Inc. v. Barry, 979 F. Supp. at 1342–43 (citing Landman v. Borough of Bristol, 896 F. Supp. 406, 408–09 (E.D.Pa.1995)). In Spillers v. Tillman, 959 F. Supp. 364 (S.D .Miss.1997), the court noted that the majority view is that " 'mere assertion in a removal petition that all defendants consent to removal fails to constitute a sufficient joinder.' " 959 F. Supp. at 369 (quoting Prod. Stamping Corp. v. Maryland Cas. Co., 829 F. Supp. 1074, 1076 (E.D.Wis.1993)). "One defendant's attempt to speak on behalf of another defendant will not suffice."  Landman v.. Borough of Bristol, 896 F. Supp. at 409 (citations omitted).

Similarly, in this district, several judges require more than a representation in the notice of removal by one defendant that it has the consent of all other defendants. See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, No. CIV 09–0420 JB/GBW, Memorandum Opinion and Order at 21–24, filed October 22, 2009 (Doc. 29); Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d at 1257.   The Honorable Williams Johnson, United States District Judge, requires that "each defendant must independently and unambiguously file notice of its consent to join in the removal within the thirty-day period." Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d at 1258 (citing McShares, Inc. v. Barry, 979 F. Supp. at 1342 and Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995)).  Judge Johnson has said: "Defendants who do not sign the actual notice of removal must file an independent and unambiguous notice of consent to join in the removal." Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d at 1259.  This Court has not clearly adopted such a strict requirement.  See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, Memorandum Opinion and Order at 21–30; Roybal v. City of Albuquerque, No. CIV 08–181 JB/LFG, 2008 WL

5991063, at * *7–8 (D.N.M. Sept. 24, 2008).  Moreover, this Court and Judge Johnson agree that, when the same attorney represents the removing defendant and the defendants whose joinder the notice represents, the removing defendant's representation of the other defendants' consent is sufficient.  See DV v. Bd. of Regents of the N.M. Sch. for the Deaf, Memorandum Opinion and Order at 24 ("The Court is convinced that, because counsel speaks for his client in all other respects during representation, a Notice of Removal that is on behalf of all defendants represented by the signing attorney constitutes sufficient proof that each defendant joins in and consents to removal."); Roybal v. City of Albuquerque, 2008 WL 5991063, at *7; Vasquez v. Americano U.S.A., LLC, 536 F. Supp.2d at 1527 n. 2.

    4.    **Remand.**

    If a defendant has removed a matter to federal court, the plaintiff may challenge the removal by filing a motion to remand in federal district court.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996).  A lack of subject-matter jurisdiction is one ground for such remand, see 28 U.S.C. § 1447(c), and a defect in the removal procedure is another, see Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McShares, Inc. v. Barry, 979 F. Supp. at 1341).  A defect in the removal notice or any "[f]ailure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'"  Page v. City of Southfield, 45 F.3d 128, 131 (6th Cir.1995)(citing In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir.1994)).  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c).

## ANALYSIS

    Having carefully reviewed the Sernas' Motion for Violation, White's Motion to Dismiss

- 22 -

the Sernas' Notice of Removal, the Sernas' Motion for Supplemental Jurisdiction, and White's Motion to Remand, and the relevant law, the Court will: (i) dismiss Emma Serna's claims against David Webster and Margette Webster without prejudice for failure to comply with the filing restrictions imposed by the Court; (ii) grant White's Motion to Dismiss; (iii) deny the Serna's Motion for Violation; (iv) grant White's Motion to Remand; and (v) deny the Sernas' Motion for Supplemental Jurisdiction.

The Court dismisses Emma Serna's claims against David Webster and Margette Webster without prejudice. The Court previously imposed filing restrictions on Emma Serna. See Serna I Order Imposing Filing Restrictions at 17. Those restrictions require that Emma Serna must "[f]ile a petition with the Clerk of the Court requesting leave to file a pro se original proceeding against the Defendants [named herein]," along with an affidavit. Serna I Filing Restrictions at 2. "Without the Chief Magistrate Judge's approval, and the concurrence of the assigned Article III Judge, the Court will dismiss the action." Serna I Filing Restrictions at 3. Emma Serna has not filed with the Clerk of the Court a petition requesting leave to file a pro se original proceeding against David Webster and Margette Webster or an affidavit. Consequently, the Court will dismiss Emma Serna's claims against David Webster and Margette Webster.

The Court cannot conclude that this case is barred by res judicata based on the Court's ruling in Serna I. The Court dismissed Serna I with prejudice, but Mike Serna was not a party to that case and White has not shown that Mike Serna was in privity with Emma Serna. See Pelt v. Utah, 539 F.3d 1271, 1281 (10th Cir. 2008)("Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same.")(citing Lowell Staats Min. Co. v. Philadelphia Elec. Co., 878 F.2d 1271, 1275 (10th Cir. 1989)).

The Court cannot conclude that this case is barred by res judicata based on the Court's ruling in <u>Serna II</u>. In <u>Serna II</u>, in which Mike Serna was a party, the Court did not dismiss the state-law claims with prejudice. <u>See</u> <u>Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation</u>, 975 F.2d at 687 (stating that for issue preclusion to apply, "the prior action has been finally adjudicated on the merits").

The Court cannot conclude that this case is barred by res judicata based on the state court's ruling in <u>Serna III</u>, because the Motion to Dismiss did not include a copy of the state-court's dismissal order in <u>Serna III</u>. Furthermore, it appears from the Motion to Dismiss that Mike Serna was not a party in <u>Serna III</u>. <u>See</u> Motion to Dismiss at 2-3 (stating "with respect to the underlying state court lawsuit Emma Serna filed against David Webster and Margette Webster").

The Complaint fails to state a plausible claim against White upon which relief can be granted. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678. The Complaint alleges that White represented David Webster and Margette Webster in state court, but the Complaint has not alleged sufficient facts showing that White is liable for the allegedly unfair proceedings in state court. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")(citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556). The Court will dismiss the Sernas' claims against White without prejudice.

The Sernas' Motion for Violation, like the Complaint, asserts that White represented David Webster and Margette Webster in a state-court proceeding and seeks the "return of all funds." Motion for Violation at 2. The Court will deny the Sernas' Motion for Violation, because it does not allege sufficient facts showing that White is liable for his representation of the Websters in the state court proceedings. <u>See</u> Motion for Violation at 1-2. <u>See also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at

678.

The Court will grant White's Motion to Remand.  The Sernas did not include copies of the

complaints in the state-court cases with their Notice of Removal.  See Bonadeo v. Lujan, 2009 WL

1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("As the removing party, the defendant bears

the burden of proving all jurisdictional facts and of establishing a right to removal."); Okla. Farm

Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir.

2005)(unpublished)("[C]ourts must deny such jurisdiction if not affirmatively apparent on the

record.").  Furthermore, the Sernas did not timely remove the state-court cases.  See Bailey v.

Markham, 2020 WL 1324477 *18 ("Such notice of removal is proper if filed within thirty-days

from the date when the case qualifies for federal jurisdiction.")(citing Caterpillar Inc. v. Lewis,

519 U.S. at 68-69; 28 U.S.C. § 1446(b))(Browning, J.); Akin v. Ashland Chem. Co., 156 F.3d

1030, 1036 (10th Cir. 1998)( concluding that "this court requires clear and unequivocal notice

from the [initial] pleading itself" that federal jurisdiction is available).

The Sernas' Motion for Supplemental Jurisdiction asks the Court to exercise supplemental

jurisdiction over the two state-court proceedings that the Sernas removed to this Court.  The Court

will deny the Sernas' Motion for Supplemental Jurisdiction, because the Court is remanding the

two state-court proceedings.

**IT IS ORDERED** that: (i) Plaintiff Emma Serna's claims against Defendants David

Webster and Margette Webster are dismissed without prejudice for failure to comply with the

filing restrictions imposed by the Court; (ii) Defendant Daniel White's Motion to Dismiss, filed

August 18, 2020 (Doc. 9), is granted; (iii) Plaintiffs' Motion Daniel White in Violation of the Mike

R. Serna Irrevocable Trust, filed August 3, 2020 (Doc. 4), is denied; (iv) Defendant Daniel White's

Motion to Remand, filed September 16, 2020 (Doc. 33), is granted; (v) Plaintiff's [sic] Request

Supplemental Jurisdiction in State District Case No. CV-2020-03290, filed August 17, 2020 (Doc. 8), is denied; and (vi) the removed state court cases CV-2019-4800 and CV-2020-3290 are remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.


_____
UNITED STATES DISTRICT JUDGE


*Parties and Counsel*:

Emma Serna and Mike Serna
Albuquerque, New Mexico

    *Plaintiffs pro se*

William Cooksey
Albuquerque, New Mexico

    *Defendant pro se*

Margette Webster and David Webster
Albuquerque, New Mexico

    *Defendants pro se*

Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Counsel for Defendant Daniel White*