IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA AND MIKE SERNA,

    Plaintiffs,

vs.                                                                               1:20-CV-689 JB/KRS

WILLIAM COOKSEY, ET AL.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Order of Reference Relating to Non-Prisoner Pro Se Cases, in which the presiding judge referred this case to the undersigned to "perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 82) (entered August 3, 2021). Having reviewed the record of the case, the pending motions, and relevant law, the Court makes the following recommendations.

### I. Background

On July 10, 2020, Plaintiffs filed a Complaint titled "Complaint for Misrepresentations, Void Judgment Deceptive Dealings, Nonconsensual Lien & Lis Pendens, Unjust Enrichment, and Injunctive Relief." (Doc. 1). Plaintiffs bring their claims against Defendants David and Margette Webster, their attorney Daniel White, and counsel for Compass Bank, William Cooksey. Plaintiffs challenge a state court judgment that resulted in a writ of garnishment served on Compass Bank on behalf of the Websters, who were the judgment creditors. *Id.* at 5; (Doc. 12) at 1-2. Plaintiffs argue the state court judgment is insufficient and should be found void because the "Websters sued to foreclose on the Irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living Trust will not be a party to any

lawsuit." (Doc. 1) at 5.  Plaintiffs allege the Websters illegally took $129,588 of Plaintiffs' money through a false writ of garnishment, Margette Webster misrepresented herself to Plaintiffs' bank to receive the funds, and Defendant Cooksey enabled this action. *Id.* at 5-12. Plaintiffs ask the Court to exercise supplemental jurisdiction over the two state court cases concerning the judgment – CV-2019-4800 and CV-2020-3290.  (Doc. 8).

This is the third case Plaintiffs have brought in this Court regarding issues relating to their dispute with the Websters.  On January 9, 2017, Plaintiff Emma Serna filed a complaint against the Websters and a number of lawyers, state court judges, court staff, and other individuals, regarding a construction dispute with the Websters.  *Serna v. Webster, et al.*, CIV No. 17-20 JB/JHR (Serna I).  The case was dismissed with prejudice and filing restrictions were imposed on Emma Serna.  On April 2, 2020, Plaintiffs filed another civil rights complaint against the Websters and Defendant White regarding the state court proceedings to garnish Plaintiffs' assets.  *Serna v. White, et al.*, CIV No. 20-299 MV/SCY (Serna II).  The federal claims in that case were dismissed with prejudice, and the state law claims were dismissed without prejudice.

On February 27, 2021, the presiding judge entered an order on several pending motions, including a Motion to Dismiss by Defendant White.  (Doc. 62).  He considered whether the Complaint was barred by the doctrine of *res judicata*, whether Plaintiffs filed this suit in violation of the filing restrictions imposed in Serna I, and whether Plaintiffs stated a claim against Defendant White.  He also considered Plaintiffs' motion for the Court to exercise supplemental jurisdiction over their state claims.  The presiding judge reasoned that Emma Serna's claims against the Websters did not comply with the filing restrictions entered against her in Serna I.  The presiding judge further found this case is not barred by *res judicata* because Plaintiff Mike Serna was not a party to Serna I or II and Defendants did not show that he was in

privity with Emma Serna. *Id.* at 23-24. In addition, the presiding judge found that Plaintiffs failed to state a claim against Defendant White, and removal of Plaintiffs' state court cases was not proper. Therefore, the presiding judge: (1) dismissed Emma Serna's claims against David Webster and Margette Webster; (2) dismissed both Plaintiffs' claims against Defendant White; (3) remanded cases CV-2019-4800 and CV-2020-3290 to state court; and (4) declined to exercise supplemental jurisdiction over Plaintiffs' state court cases. *Id.* at 22-26 (ruling on Docs. 4, 8, 9, 17, and 33). The Court's rulings did not resolve the following issues: (1) Mike Serna's claims against Defendants David Webster, Margette Webster, and William Cooksey; and (2) Emma Serna's claims against William Cooksey.

The following motions remain pending before the Court:

1. Plaintiffs' Removal of Civil Proceeding in State Court into Federal Court, (Doc. 17);
2. Plaintiffs' Motion to Recuse, (Doc. 32);
3. Plaintiffs' Motion for Summary Judgment, (Doc. 36);
4. Plaintiffs' Motion for Default Judgment as to Defendants David and Margette Webster, (Docs. 42, 43);
5. Defendants David and Margette Webster's Motions to Deny Plaintiffs' Motion for Default Judgment, (Docs. 47, 48);
6. Plaintiffs' Motion for Leave of Court to File Proceeding Against Defendants, (Doc. 65);
7. Plaintiffs' Motion for Relief from Judgment, (Doc. 67);
8. Plaintiffs' Motion for Leave of Court to File a Lis Pendens, (Doc. 69);
9. Plaintiffs' Petition to File Pro Se Original Proceedings Against Defendants, (Doc. 71);
10. Plaintiffs' Motion for Permission to Include Attorney Daniel White as a Defendant, (Doc. 78);

11. Plaintiffs' Motion for State Court Transfer to Federal Court, (Doc. 80);

12. Plaintiffs' Motion for Leave of Court to Void State Judgment, (Doc. 84); and

13. Plaintiffs' Motion for Appointment of Judge Riggs, (Doc. 85).

## II. Discussion

### A. Subject Matter Jurisdiction

The Court first considers whether it has subject matter jurisdiction over Plaintiffs' claims against the remaining defendants (the Websters and Cooksey). *See Rahab v. Freeman*, 612 Fed. App'x 528, 529 (10th Cir. 2015) (explaining courts may consider jurisdiction in reviewing an *in forma pauperis* complaint under 28 U.S.C. § 1915(e)(2)); *Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1295 (10th Cir. 2003) ("[T]he district court … can *sua sponte* question subject matter jurisdiction…"); *Bd. of Cty. Comm'rs for Garfield Cty, Colo., v. W.H.I., Inc., et al.*, 992 F.2d 1061, 1063 (10th Cir. 1993) (explaining jurisdictional questions are of primary concern and can be raised at any time by courts *sua sponte*). Unlike the state district court in New Mexico, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only preside in instances where: (1) the parties' citizenship is diverse and the amount in controversy exceeds $75,000; or (2) the face of the complaint raises a federal question. *See* 28 U.S.C. §§ 1331, 1332; *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003) (federal jurisdiction must be evident from the face of the complaint).

Because Plaintiffs are *pro se* litigants, the Court must construe their pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Plaintiffs' Complaint does not invoke the basis for federal subject matter jurisdiction. First, all parties appear to be New Mexico residents, so diversity jurisdiction is not present. Second, while Plaintiffs list several federal statutes, the only claim based on a federal statute is that the Websters and Cooksey garnished Plaintiffs' social security income. *See* (Doc. 1) at 5-6, 8-9, 11; 42 U.S.C. § 407 (providing that "none of the moneys paid or payable … under [the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process"); *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 416 (explaining that social security benefits received by the beneficiary and deposited in a bank account remain exempt from execution under Section 407). Plaintiffs' other claims, however, do not arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This requirement is met only where "federal law creates the cause of action or … the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Gilmore v. Weatherford*, 694 F.3d 1160, 1170 (10th Cir. 2012); *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). Instead, other than Plaintiffs' claim relating to garnishment of their social security benefits, Plaintiffs' claims are firmly grounded in state law and do not raise any federal questions. *See Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based … [and] in analyzing the

sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

In addition, to the extent Plaintiffs challenge the state court judgments entered against them, Plaintiffs' state court cases have been remanded and the Court declined to exercise supplemental jurisdiction over the claims raised in them. *See* (Doc. 62) at 25; *see also* (Doc. 77-2) (August 13, 2020 state court judgment dismissing CV-2020-3290, imposing filing restrictions on Emma Serna, and explaining that Plaintiffs have challenged the judgment entered in favor of the Websters "for well over a decade" and have lost in every proceeding in the state district and appellate courts); *Velasquez v. Utah*, 775 Fed. Appx. 420, 422 (10th Cir. 2019) (explaining the *Rooker-Feldman* doctrine bars federal district courts from hearing cases seeking to undo state-court judgments).

Accordingly, the Court recommends dismissal of Plaintiffs' claims for "Void Judgment" (Count II), "Deceptive Dealings" (Count III), and "Nonconsensual Lien and Lis Pendens" (Count IV), for lack of federal subject matter jurisdiction and because those claims have been remanded to state court.

**B. Pending Motions**

The Court makes the following recommendations on the pending motions:

**1. Plaintiffs' Removal of Civil Proceeding in State Court into Federal Court, (Doc. 17).**

Plaintiffs ask to remove the two underlying state proceedings, CV-2019-4800 and CV-2020-3290. The presiding judge has already denied Plaintiffs' Motion for Supplemental Jurisdiction over these cases, (Doc. 8), and remanded the cases to state court. (Doc. 62) at 25. Therefore, the Court recommends denying this motion as moot.

### 2. Plaintiffs' Motion to Recuse, (Doc. 32).

Plaintiffs move for recusal of the presiding judge on the basis he "has personal knowledge of the disputed evidentiary facts concerning the proceedings" and "has an interest to the proceedings and the outcome, and could substantially affect the outcome of the proceedings." (Doc. 32) at 1. Plaintiffs also state the presiding judge's "[i]mpartiality might reasonably be questioned," and note that he was the judge on one of their previous cases, Serna I. *Id.* at 1-2. Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might be questioned." However, "adverse rulings are not a basis for concluding that a judge is biased." *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976). Plaintiffs provide no factual support for recusal. Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Here, Plaintiffs provide only unsubstantiated speculation of impartiality, and improperly base their Motion to Recuse on prior adverse rulings by the presiding judge. The Court recommends this motion be denied.

### 3. Plaintiffs' Motion for Summary Judgment, (Doc. 36).

Plaintiffs move for summary judgment on their state claims and ask the Court to void and vacate the state court judgment in favor of the Webster Defendants. Plaintiffs' claims relating to their state court judgment have been remanded and the Court has declined to exercise supplemental jurisdiction over these claims. *See* (Doc. 62) at 25. Accordingly, the Court recommends denying this motion as moot.

### 4. Plaintiffs' Motion for Default Judgment as to Defendants David and Margette Webster, (Docs. 42, 43), and Defendants David and Margette Webster's Motions to Deny Plaintiffs' Motion for Default Judgment, (Docs. 47, 48).

Plaintiffs seek default judgment against Defendants David and Margette Webster, stating they have failed to defend themselves in this action and in a state court action.  (Docs. 42, 43).  Regarding the state court case, this Court does not have jurisdiction over the state court action and cannot enter default judgment against a party in a state court case.  Regarding this action, the Court completed its initial review of this case on February 27, 2021, after which attorney Daniel White entered an appearance on behalf of the Websters.  (Docs. 62, 74).  In response to one of Plaintiffs' motions, the Websters erroneously stated that all claims against them were dismissed by the Court in its February 27, 2021 order.  (Doc. 75) at 2.  To the contrary, the presiding judge did not dismiss Mike Serna's claims against the Websters.

In considering whether to grant a motion for default judgment, a court should look to whether each party against whom a default judgment is sought has been properly served in accordance with the Federal Rules of Civil Procedure, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules.  *See* Fed. R. Civ. P. 55.  Courts agree that default judgments are a "harsh sanction" and are not generally used "purely as a penalty for delays in filing or other procedural error."  *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quoting *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983)).  In addition, obtaining a default judgment under Federal Rule of Civil Procedure 55 requires two steps.  First, the movant must obtain a Clerk's entry of default; and second the party must move either the Clerk, if the judgment is for a sum certain, or the Court, in all other cases, for entry of default judgment.  Fed. R. Civ. P. 55(a) & (b)(1)-(2).  "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment."  *Watkins v. Donnelly*, 551 Fed. Appx. 953, 958 (10th Cir. 2014) (unpublished).

Here, Plaintiffs have not complied with the two-step process of Rule 55. Moreover, the Websters have obtained counsel and have been defending themselves in this action. Therefore, the Court recommends denying Plaintiffs' Motions for Default Judgment without prejudice and requiring the Websters to file a responsive pleading to the remaining claim against them.

> **5. Plaintiffs' Motion for Leave of Court to File Proceeding Against Defendants, (Doc. 65); Motion for Relief From Judgment, (Doc. 67); Motion for Leave of Court to File a Lis Pendens, (Doc. 69); Petition to File Pro Se Original Proceedings Against Defendants, (Doc. 71); Motion for Permission to Include Attorney Daniel White as a Defendant, (Doc. 78); Motion for State Court Transfer to Federal Court, (Doc. 80); and Motion for Leave of Court to Void State Judgment, (Doc. 84).**

In these motions, Plaintiffs seek to refile claims against the Defendants that have already been dismissed or remanded to state court. In Document 65, Plaintiffs seek to "recover monies paid by mistake;" in Document 67, Plaintiffs ask to add claims titled "Vacate judgment, Dissolve writs, decree, orders or proceedings, Recover money owed, and Release of liens;" in Document 69, Plaintiffs "seek to recover lost time value of money, money acquired wrongly, and all legal expenses incurred, since 2007;" in Document 71, Plaintiffs ask to refile their claims that the state judgments should be set aside; in Document 78, Plaintiffs ask to reinstate Defendant White as a defendant in this case; in Document 80, Plaintiffs move to transfer state court action CV-2019-4800 to this court; and in Document 84, Plaintiffs ask the Court to void the state court judgment against them.

The presiding judge has dismissed all claims in this case against Defendant White and remanded the state cases CV-2019-4800 and CV-2020-3290 to state court. (Doc. 62) at 26. The presiding judge also explained that in Serna I, it imposed filing restrictions on Plaintiff Emma Serna which require her to petition the Clerk of the Court and request leave to file a complaint against the defendants in that case, which included the Websters. *Id.* at 23. That order requires

Emma Serna to provide "a short discussion of the legal right asserted," "why the Court has jurisdiction over the matter," and "certify why the proposed new suit does not present the same issues decided by this Court and repeatedly addressed by the New Mexico courts and why another suit against these Defendants would not be an abuse of the system." Document 153 at 91-92, filed in CIV No. 17-20 JB/JHR.  The claims asserted in these motions simply restate issues already raised in Plaintiffs' Complaint, including claims relating to Plaintiffs' state cases that have been remanded by the presiding judge.  Moreover, the motions do not comply with the filing restrictions imposed on Emma Serna because they do not state why the Court has jurisdiction over the matter or why the proposed claims do not present issues already decided by this Court and the state courts.  Accordingly, the Court recommends these motions be denied.

### 6. Motion for Appointment of Judge Riggs, (Doc. 85).

Finally, Plaintiffs ask for appointment of Judge Riggs to this conduct hearings and present findings to the presiding judge. (Doc. 85).  The Court's procedures do not allow parties to choose the judge who will hear their case.  Instead, cases are randomly assigned and can only be reassigned, randomly, if there is a need for a judge to recuse.  Having already found no reason for the presiding judge to recuse, the Court recommends denying this motion.

### C. Briefing Schedule and Restriction on Filings

As explained above, the only claim in this case based on federal law is that the Websters and Defendant Cooksey garnished Plaintiffs' social security benefits in violation of 42 U.S.C. § 407.  The Court recommends setting a briefing schedule to resolve this remaining claim and limiting the filings in this case to the briefing on this remaining issue until it is resolved.

**III.     Conclusion**

For the reasons stated above, the Court makes the following recommendations:

1. Plaintiffs' claims for "Void Judgment" (Count II), "Deceptive Dealings" (Count III), and "Nonconsensual Lien and Lis Pendens" (Count IV), be DISMISSED without prejudice;

2. Plaintiffs' Removal of Civil Proceeding in State Court into Federal Court, (Doc. 17), be DENIED as moot;

3. Plaintiffs' Motion to Recuse, (Doc. 32), be DENIED;

4. Plaintiffs' Motion for Summary Judgment, (Doc. 36), be DENIED as moot;

5. Plaintiffs' Motion for Default Judgment as to Defendants David and Margette Webster, (Docs. 42, 43), be DENIED; and Defendants David and Margette Webster's Motions to Deny Plaintiffs' Motion for Default Judgment, (Docs. 47, 48), be GRANTED;

6. Plaintiffs' Motion for Leave of Court to File Proceeding Against Defendants, (Doc. 65); Motion for Relief From Judgment, (Doc. 67); Motion for Leave of Court to File a Lis Pendens, (Doc. 69); Petition to File Pro Se Original Proceedings Against Defendants, (Doc. 71); Motion for Permission to Include Attorney Daniel White as a Defendant, (Doc. 78); Motion for State Court Transfer to Federal Court, (Doc. 80); Motion for Leave of Court to Void State Judgment, (Doc. 84), and Motion for Appointment of Judge Riggs, (Doc. 85), be DENIED; and

7. No later than 30 days following entry of an order on these proposed findings:
    a. The Websters and Defendant Cooksey shall each file a dispositive motion regarding whether they garnished Plaintiffs' social security benefits in violation of 42 U.S.C. § 407;

b. Plaintiffs shall file responses to the motions, and Defendants may file replies to the motions, within the time periods allowed under Local Rule 7.4(a);

c. No other filings shall be allowed in this case until this remaining issue is decided.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION.  IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**