## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA and MIKE SERNA,

     Plaintiffs,

vs.                                                                                    No. CIV 20-0689 JB/KRS

WILLIAM COOKSEY; DANIEL WHITE;
DAVID WEBSTER and MARGETTE
WEBSTER,

     Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 6, 2021 (Doc. 86)("PFRD"). In the PFRD, the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends dismissing the Plaintiffs Emma Serna and Mike Serna's state law claims, ruling on the pending motions, and entering a briefing schedule on Emma Serna and Mike Serna's remaining federal claim. Emma Serna and Mike Serna objected to the PFRD. See Objection to Conclusion Answer to Report and Recommendations by Magistrate Judge Kevin Sweazea Dated Sept. 06 2021, filed September 17, 2021 ("Objections"). For the reasons stated below, the Court will overrule the Objections and adopt the PFRD.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a

claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2)

of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections

to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Finally, when resolving

objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part

of the magistrate judge's disposition that has been properly objected to.  The district judge may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made.  A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.  The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention

on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v.

One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents,

Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One

Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of

Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that

underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing

Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)); United States v. Walters,

---

[1]Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect

In <u>One Parcel</u>, in accord with other Courts of Appeals, the Tenth Circuit expanded the waiver rule to cover objections that are timely but too general.  <u>See One Parcel</u>, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings).  The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  <u>See</u> Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would

---

to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that <u>Pevehouse v. Scibana</u> has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

trigger district court review.  There is no indication that Congress, in enacting §
636(b)(1)(C)), intended to require a district judge to review a magistrate's report to
which no objections are filed.  It did not preclude treating the failure to object as a
procedural default, waiving the right to further consideration of any sort.  We thus
find nothing in the statute or the legislative history that convinces us that Congress
intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need
not be applied when the interests of justice so dictate.'"  One Parcel, 73 F.3d at 1060 (quoting
Moore v. United States, 950 F.2d at 659.  The Tenth Circuit joins "those circuits that have declined
to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not
apprise the pro se litigant of the consequences of a failure to object to findings and
recommendations."  Moore v. United States, 950 F.2d at 659.  Cf. Thomas v. Arn, 474 U.S. at 154
("Any party that desires plenary consideration by the Article III judge of any issue need only ask.
[A failure to object] does not preclude further review by the district judge, sua sponte or at the
request of a party, under a de novo or any other standard.").  In One Parcel, the Tenth Circuit noted
that the district judge had decided sua sponte to conduct a de novo review despite the lack of
specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on
appeal, because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61
(citing cases from other Courts of Appeals where district courts elected to address merits despite
potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on
. . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."
United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo
determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant
evidence of record and not merely review the magistrate judge's recommendation."  Griego v.

Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it

would do if the issues had come before the Court first, but rather adopts the PFRD disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court, however, is reluctant to have no review at all if its

_____

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. <u>Solomon v. Holder</u>, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); <u>O'Neill v. Jaramillo</u>, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3); <u>Galloway v. JP Morgan Chase & Co.</u>, No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## PROCEDURAL BACKGROUND

On July 10, 2020, Plaintiffs filed their Complaint for Misrepresentations, Void Judgment Deceptive Dealings, Nonconsensual Lien & Lis Pendens, Unjust Enrichment, and Injunctive Relief, filed July 10, 2020 (Doc. 1)("Complaint").  The Plaintiffs bring their claims against Defendants David and Margette Webster, the Websters' attorney, Daniel White, and William Cooksey.  The Plaintiffs challenge a State court judgment that resulted in a writ of garnishment served on Compass Bank on behalf of the Websters, who were the judgment creditors.  See Complaint at 5; City of Albuquerque's Reply in Support of Motion to Dismiss Plaintiff's Complaint at 1-2, filed January 7, 2021 (Doc. 12).  The Plaintiffs argue that the State court judgment is insufficient and should be found void, because the "Websters sued to foreclose on the Irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living Trust will not be a party to any lawsuit."  Complaint at 5.  The Plaintiffs allege that the Websters illegally took $129,588.00 of the Plaintiffs' money through a false writ of garnishment, M. Webster misrepresented herself to the Plaintiffs' bank to receive the funds, and that Mr. Cooksey enabled this action.  See Complaint at 5-12.  The Plaintiffs ask the Court to exercise supplemental jurisdiction over the two State court cases concerning the judgment – CV-2019-4800 and CV-2020-3290.  See Plaintiff's Request Supplemental Jurisdiction in State District Case No. CV-202-03290, filed August 17, 2020 (Doc. 8).

1.    **The Plaintiffs Have Brought Three Previous Cases Arising from the Same Dispute.**

This case is the third action that the Plaintiffs have brought in federal court regarding their dispute with the Websters.  On January 9, 2017, Plaintiff Emma Serna filed a complaint against the Websters and a number of lawyers, state court judges, court staff, and other individuals,

regarding a construction dispute with the Websters.  See Serna v. Webster, et al., No. CIV 17-0020 JB/JHR (Serna I).  The Court dismissed Serna I with prejudice and imposed filing restrictions on E. Serna.  On April 2, 2020, the Plaintiffs filed a civil rights complaint against the Websters and Defendant White regarding the state court proceedings resulting in garnishment of Plaintiffs' assets.  See Serna v. White, et al., No. CIV 20-0299 MV/SCY ("Serna II").  In Serna II, The Honorable Martha Vásquez, United States District Judge for the United States District Court for the District of New Mexico, dismissed the federal claims with prejudice, and the state law claims without prejudice.

    **2.**    **The Court's February 27, 2021 Memorandum Opinion and Order.**

On February 27, 2021, the Court entered an order on several pending motions in this case, including Daniel White's Motion to Dismiss, filed August 18, 2020 (Doc. 9).  See Memorandum Opinion and Order, 2021 WL 765415, filed February 27, 2021 (Doc. 62)("MOO").  The Court considered whether the doctrine of *res judicata* bars the Complaint, whether the Plaintiffs filed this suit in violation of the filing restrictions that the Court imposed in Serna I, and whether Plaintiffs state a claim against Mr. White.  The Court also considered the Plaintiff's [sic] Request Supplemental Jurisdiction in State District Case No. CV 2020-03290, filed August 17, 2020 (Doc. 8).  The Court concluded that E. Serna's claims against the Websters do not comply with the filing restrictions that the Court entered against her in Serna I, but that *res judicata* does not bar M. Serna's claims, because he was not a party to Serna I or Serna II and Defendants have not shown that he was in privity with E. Serna.  MOO at 23-24, 2021 WL 765415, at *12.  In addition, the Court concluded that the Plaintiffs do not state a claim against Mr. White and that removal of the Plaintiffs' state court cases is not proper.  The Court, therefore: (i) dismissed E. Serna's claims against D. Webster and M. Webster; (ii) dismissed both the Plaintiffs' claims against Mr. White;

(iii) remanded cases CV-2019-4800 and CV-2020-3290 to state court; and (iv) declined to exercise supplemental jurisdiction over the Plaintiffs' state court cases.   See MOO at 22-26, 2021 WL 765415, at *12-13 (ruling on Docs. 4, 8, 9, 17, and 33).   The Court's rulings do not resolve the following issues: (i) Mike Serna's claims against D. Webster, M. Webster, and Mr. Cooksey; and (ii) E. Serna's claims against Mr. Cooksey.

### 3.    The Magistrate Judge's Recommendations.

In the PFRD, Magistrate Judge Sweazea first considered whether the Court has subject matter jurisdiction over Plaintiffs' claims against the remaining Defendants -- the Websters and Mr. Cooksey.  Magistrate Judge Sweazea noted that, because the Plaintiffs are pro se litigants, the Court must construe their pleadings liberally and hold them to a less stringent standard than is required of a party with counsel.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(quoting Hall v. Bellmon, 935 F.2d at 1110).  However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  Garrett v. Selby Connor Maddux & Janer, 425 U.S. at 840.

Magistrate Judge Sweazea concluded that, because all parties appear to be New Mexico residents, diversity jurisdiction is not present.  Next, Magistrate Judge Sweazea concluded that the Plaintiffs' only claim indicating federal-question jurisdiction is that the Websters and Mr. Cooksey garnished the Plaintiffs' Social Security income.  See Complaint at 5-6, 8-9, 11; 42 U.S.C. § 407 (providing that "none of the moneys paid or payable . . . under [the Social Security Act[4]] shall be

---

[4]42 U.S.C. §§ 301-1397mm.

subject to execution, levy, attachment, garnishment, or other legal process"); Philpott v. Essex County Welfare Board, 409 U.S. 413, 416 (explaining that Social Security benefits that the beneficiary receives and deposits in a bank account remain exempt from execution under § 407). While the Plaintiffs list several federal statutes in their Complaint, they do not present any other claims that arise under the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Magistrate Judge Sweazea, therefore, concluded that other than the Plaintiffs' claim relating to garnishment of their Social Security benefits, the Plaintiffs' claims are firmly grounded in state law and do not raise any federal questions. In addition, Magistrate Judge Sweazea notes that the Plaintiffs' State court cases have been remanded and the Court declined to exercise supplemental jurisdiction over the claims raised in them. See MOO at 25, 2021 WL 765415, *14. Accordingly, Magistrate Judge Sweazea recommends dismissal of the Plaintiffs' claims for "Void Judgment" (Count II), "Deceptive Dealings" (Count III), and "Nonconsensual Lien and Lis Pendens" (Count IV), for lack of federal subject-matter jurisdiction, and because those claims have been remanded to state court.

Next, Magistrate Judge Sweazea considers the pending motions and makes the following recommendations: the Plaintiffs' Removal of Civil Proceeding in State Court into Federal Court, filed September 2, 2020 (Doc. 17), and Motion for Summary Judgment, filed September 28, 2020 (Doc. 36), be denied as moot; Plaintiffs' Motion to Recuse, filed September 14, 2020 (Doc. 32), Motion for Default Judgment by the Court, filed October 16, 2020 (Doc. 42), Motion for Default Judgment by the Court, filed October 16, 2020 (Doc. 43), Motion for Leave of Court to File Proceeding Against Defendants, filed March 4, 2021 (Doc. 65), Motion for Relief From Judgment, filed March 22, 2021 (Doc. 67), Motion for Leave of Court to File a Lis Pendens, filed May 6, 2021 (Doc. 69), Petition to File Pro Se Original Proceedings Against Defendants, filed May 12,

2021 (Doc. 71), Motion for Permission to Include Attorney Daniel White as a Defendant, filed May 26, 2021 (Doc. 78), Motion for State Court Transfer to Federal Court, filed June 1, 2021 (Doc. 80), Motion for Leave of Court to Void State Judgment, filed August 27, 2021 (Doc. 84), and Request for Appointment of Magistrate Judge Kea W. Riggs, filed August 27, 2021 (Doc. 85), be denied, Request to Deny Plaintiff's Request for Default Judgment, filed October 20, 2020 (Doc. 47), and Request to Deny Plaintiff's Request for Default Judgment, filed October 26, 2020 (Doc. 48), be granted.  Finally, Magistrate Judge Sweazea recommends ordering briefing on the Plaintiffs' remaining federal claim that the Websters and Mr. Cooksey garnished the Plaintiffs' social security benefits in violation of 42 U.S.C. § 407.

## ANALYSIS

The Plaintiffs object to Magistrate Judge Sweazea's recommendation to dismiss their State court cases and the Plaintiffs restate their claims challenging the State court judgments entered against them.  See Objections at 1-6.  The Plaintiffs argue that the State court had no jurisdiction to enter an arbitration award, M. Webster engaged in fraud to garnish the Plaintiffs' funds, and the State court judgments are void.  Objections at 1-3 (citing Fed. R. Civ. P. 60(b)).  The Plaintiffs also restate their claims against Mr. White and Mr. Cooksey.  See Objections at 6-11.

Rule 60(b) provides that a court may provide relief from a final judgment under certain circumstances.  The Rule does not permit, however, courts to grant relief from State court judgments.  See 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2865 (3d ed. 2021)(explaining that rule 60(b) relief is available in the district court which rendered judgment).  Moreover, federal courts generally lack jurisdiction to void State court judgments.  See Bolden v. City of Topeka, 441 F.3d 1129, 1139 (10th Cir. 2006)(noting that no federal court other than the Supreme Court of the United States of America can entertain

proceeding to reverse or modify judgment of state court)(citing <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413 (1923)); <u>Facio v. Jones</u>, 929 F.2d 541, 543 (10th Cir. 1991)(explaining that review of state court judgment must proceed to the State's highest court and then to the Supreme Court of the United States of America).

Here, the Plaintiffs' State cases have been remanded to state court, and the Court has declined to exercise supplemental jurisdiction over them, so the Court lacks subject matter jurisdiction over Plaintiffs' claims seeking review of the state court judgments entered against them. <u>See</u> MOO at 25, 2021 WL 765415, at *14; <u>see also</u> Order Dismissing the Case and Imposing Filing Restrictions, filed May 25, 2021 (Doc. 77-2)(August 13, 2020 State court judgment dismissing CV-2020-3290, imposing filing restrictions on E. Serna, and explaining that the Plaintiffs have challenged the judgment entered in the Websters' favor "for well over a decade," and have lost in every proceeding in the state district and appellate courts). The Plaintiffs provide no basis for the Court to reverse its earlier holding, and they do not explain how the Court has jurisdiction over these state cases. <u>See Scott v. HSBC Bank USA N.A.</u>, No. CIV 1084 JP/ACT, 2012 WL 13076255, *2 (D.N.M. 2012)(Parker, J.)(concluding that the Court does not have subject matter jurisdiction over the plaintiffs' claims, which "[e]ssentially . . . ask the Court to adjudicate a state court foreclosure proceeding in which they lost"). For these reasons, the Court overrules the Plaintiffs' objections to the PFRD, and dismisses the Plaintiffs' claims for "Void Judgment" (Count II), "Deceptive Dealings" (Count III), and "Nonconsensual Lien and Lis Pendens" (Count IV), for lack of federal subject-matter jurisdiction, and because those claims have been remanded to State court. The Plaintiffs do not raise any other specific objections to the PFRD. The Court has reviewed carefully the PFRD and the docket in this case, and has determined that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

**IT IS ORDERED** that: (i) the Plaintiffs' Objections in the Objection to Conclusion Answer to Report and Recommendations by Magistrate Judge Kevin Sweazea Dated Sept. 06, 2021, filed September 17, 2021 (Doc. 87), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 6, 2021 (Doc. 86), are adopted; (iii) the Plaintiffs' claims for "Void Judgment" (Count II), "Deceptive Dealings" (Count III), and "Nonconsensual Lien and Lis Pendens" (Count IV), are dismissed without prejudice; (iv) the Plaintiffs' Removal of Civil Proceeding in State Court into Federal Court Pursuant to Tile 28 U.S. Code 1367, filed September 2, 2020 (Doc. 17), is denied as moot; (v) the Plaintiffs' Motion to Recuse, filed September 14, 2020 (Doc. 32), is denied; (vi) the Plaintiffs' Motion for Summary Judgment, filed September 28, 2020 (Doc. 36), is denied as moot; (vii) the Plaintiffs' Motion for Request for Default Judgment by the Court, filed October 16, 2020 (Doc. 42), is denied; (viii) the Plaintiffs' Motion for Request for Default Judgment by the Court, filed October 16, 2020 (Doc. 43), is denied; (ix) the Defendants' Request to Deny Plaintiff's Request for Default Judgment, filed October 20, 2020 (Doc. 47), is granted; (x) the Defendants' Request to Deny Plaintiff's Request for Default Judgment, filed October 20, 2020 (Doc. 48), is granted; (xi) the Plaintiffs' Motion for Leave of Court, filed March 4, 2021 (Doc. 65), is denied; (xii) the Plaintiffs' Motion for Relief from Judgment, filed March 22, 2021 (Doc. 67), is denied; (xiii) the Plaintiffs' Motion for Leave of Court, filed May 6, 2021 (Doc. 69), is denied; (xiv) the Plaintiffs' Petition to File a Pro Se Original Proceedings Against the Defendants and Leave of Court, filed May 12, 2021 (Doc. 71), is denied; (xv) the Plaintiffs' Permission to Include Attorney Daniel White as a Defendant in the Above Case for Fraud on State Court, filed May 26, 2021 (Doc. 78), is denied; (xvi) the Plaintiffs' Motion Enclosed for State Court Transfer to Federal Court, filed June 1, 2021 (Doc. 80), is denied; (xvii) the Plaintiffs' Motion for Leave of Court, filed August 27, 2021 (Doc. 84), is

denied; (xviii) the Plaintiffs' Motion for Request Appointment of Magistrate Judge Kea W. Riggs, filed August 27, 2021 (Doc. 85), is denied; and (xix) No later than 30 days following entry of this Order, (a) the Websters and Defendant Cooksey shall each file a dispositive motion regarding whether they garnished Plaintiffs' social security benefits in violation of 42 U.S.C. § 407; (b) Plaintiffs shall file responses to the motions, and Defendants may file replies to the motions, within the time periods allowed under Local Rule 7.4(a); and (c) no other filings shall be allowed in this case until this remaining issue is decided.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Emma Serna
Albuquerque, New Mexico

 *Plaintiff pro se*

Mike Serna
Albuquerque, New Mexico

 *Plaintiff pro se*

William J. Cooksey
Dubois, Cooksey & Bischoff, P.A.
Albuquerque, New Mexico

 *Attorney for Defendant William Cooksey*

Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

 *Attorney for Defendants Daniel White, David Webster, and Margette Webster*