# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA and
MIKE SERNA,

       *Plaintiffs*,

v.                           Case No. 1:20-CV-00689-KRS

WILLIAM COOKSEY,
DANIEL WHITE,
DAVID WEBSTER, *and*
MARGETTE WEBSTER,

       *Defendants*.

## DEFENDANT COOKSEY'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Cooksey, for his Brief in Support of his motion for summary judgment filed contemporaneously herewith, states:

**I.** Statement of Undisputed Material Facts.

    A. No social security benefits or funds of Plaintiffs Emma Serna or Mike Serna were garnished by Defendant Cooksey or Compass Bank (the "Bank") in the garnishment proceedings before the Second Judicial District Court (the "NM Court" or the NM Court Proceedings").

    B. The only funds of Plaintiff Emma Serna that were garnished in the NM Court Proceedings were funds that were determined to be non-exempt funds, not consisting of social security benefits or social security funds, which were owned only by Plaintiff Emma Serna, and not Plaintiff Mike Serna.

**II.** Background and Argument (with references to the accompanying evidentiary record).

At all times material Defendant Cooksey acted only as counsel for the Bank, and never as counsel for the Websters, Plaintiff Emma Serna, or Plaintiff Mike Serna. In late April of 2018

1

Defendant Cooksey was contacted by the Bank and informed that a writ of garnishment (the "Writ") had been served on the Bank on behalf of the judgment creditors, Margaret Webster and David Webster, a married couple, who were proceeding- *pro se*. See Exhibit A- Affidavit of W..J. Cooksey pp. 1-3.

The Writ was issued by the NM Court on 3/15/2018, against Emma Serna, a judgment debtor. A true and accurate copy of the Writ is attached in Group Exhibit "C", pages 1-2 . The Writ issued by the NM Court (not the Websters) mandated that the garnishee retain any funds subject to garnishment or attachment, and to file a written answer disclosing the same within twenty (20) days.

At the time of the service of the Writ on the Bank Plaintiff Emma Serna, with her husband Plaintiff Mike Serna, as joint tenants, had two accounts at the Bank identified as accounts #6744941537 and #2507481968. The first account (last 3 numbers 537) had a balance of $10,598.22. The second account (last 3 numbers 968) had a balance of $5,261.46. See Exhibit B- Banks records-pp. 1-6; Exhibit A-Affidavit W.J. Cooksey-pp. 2 & 5. .

The funds in account #537 were segregated and frozen by the Bank, after it conducted a preliminary examination which established that the account funds were not protected funds under federal law. See Exhibit A-Affidavit W.J. Cooksey-p. 2; Exhibit B- Banks records-pp. 1-6.

The funds in account # 968 were not segregated or frozen because the funds in this account were derivative of social security deposits which constitute by statute and regulation, federally protected funds. Under Department of Treasury regulations and other applicable federal regulations, institutions subject to these regulations, including the Bank, must determine within two business days whether or not garnished funds are protected under federal law. See 31 C.F.R Part 212 ( 5/1/2011);42 U.S.C. § 407.See Exhibit A-Affidavit W.J. Cooksey-p. 2; Exhibit B- Banks records-pp. 1-6.

The Bank determined that the funds in account # 968 were exempt and the account was not seized or functionally restricted. Any statement to the contrary by the Plaintiffs is incorrect. The decision to freeze or release funds was never made by Defendant Cooksey. The decision to freeze or release funds was undertaken as a policy decision by the Bank in compliance with the regulatory controls which apply to its operations. Defendant Cooksey's role as counsel in regard

to Plaintiff Emma Serna's garnishment was relegated to filing an answer to the subject garnishment and processing the Plaintiffs' funds that were not federally protected, but rather subject to the attachment and garnishment rules and statutes applicable to New Mexico ( the funds in account # 537).See  Exhibit A-Affidavit W.J. Cooksey-p. 2; Exhibit B- Bank records-pp. 1-6.

Defendant Cooksey on May 3, 2018,  filed an answer to the Writ for the Bank regarding Account 537, entitled Answer of Garnishee( attached as Group Exhibit "C", pp. 3-6 ). See also Exhibit A-Affidavit W.J. Cooksey-p. 3. The Answer to the Writ in paragraph 2 clearly states that only the sum of $10,598.22 (from account # 537) was being held pursuant to the Writ. The sum of $5,261.46 (from account 968) constituting social security funds was not subject to the Writ, and therefore not identified or classified as garnished funds in the Bank's Answer. The Answer reserved for determination by the NM Court several questions, pointing out that nevertheless, until the NM Court orders otherwise, the Bank as garnishee was under the duty to act and comply with the Writ. See Answer of Garnishee- attached as Group Exhibit C-pp. 3-6-¶ 9.

On July 31, 2018, pursuant to the Answer filed on behalf of the Bank, the NM Court held a hearing on a) the enforcibility of the Writ, b) the matters raised in the Bank's Answer to the Writ, and c) Plaintiff Emma Serna's assertion that the funds in account # 537 were exempt from attachment or garnishment. Plaintiff Emma Serna was present at the hearing where she testified and argued her position. See Exhibit A-Affidavit W.J. Cooksey-p. 2; Exhibit C -Order-p.1.

Plaintiff Emma Serna argued that the $10,598.22  funds held in account # 537 were exempt from attachment because they "came from Emma's mom's death, burial money" or " Emma's mother's death insurance benefits." In referring to these funds it is to be noted that Plaintiff Emma Serna in her Admissions refers to the funds in account #537 as comprising various amounts such $10,588.00, $10,500.00, $10,000.000, $10,599.22 and $10,599.00. See Exhibit D- pp. 1-17. Nevertheless it is obvious from the context of her attached Admissions that she is referring to the $10,598.22 balance in account # 537.  See Exhibit D- pp. 1-17.

Plaintiff Emma Serna never asserted nor filed any pleadings in the NM Court Proceedings to the effect that the funds held in account #537 were exempt social security funds. Plaintiff Emma Serna also never asserted that the funds held in account #537 were funds belonging to

Plaintiff Mike Serna. See Exhibit D- p. 2.

The NM Court by Order on August 2, 2018, ruled against Plaintiff Emma Serna, ordering that the funds held in account #537 were not exempt, that the funds were the proper subject of a garnishment, and that the funds were to be delivered to the Websters, after the attorney fees for the Bank's attorney were paid. See Exhibit C, pp. 7-8. A form of judgment complying with the court's Order was circulated for approval to all the parties See Exhibit A, Affidavit of W.J. Cooksey p. 3. Plaintiff Emma Serna refused to approve the form of judgment.

On September 19, 2018, at a hearing held before the NM Court for the presentment and approval of the circulated form of judgment (a hearing where Plaintiff Emma Serna again had the opportunity to voice her objections), the NM Court, after hearing testimony and arguments, entered a final ruling and judgment entitled Judgment on Writ of Garnishment, Claim of Exemption And Order to Pay. See Exhibit A, Affidavit of W.J. Cooksey p. 3; NM Court documents Exhibit "C", pp. 9-14. .

No appeal of the Judgment on Writ of Garnishment, Claim of Exemption and Order to Pay was ever filed or pursued by Plaintiff Emma Serna or Plaintiff Mike Serna with the New Mexico Court of Appeals. See Exhibit A, Affidavit of W.J. Cooksey p. 3. The Judgment on the Writ of Garnishment, Claim of Exemption and Order to Pay, Defendant Cooksey submits, should be accorded full faith and credit by this Court, acting as a bar to the claims of the Plaintiffs. More to the point, the *Rooker-Feldman* doctrine prohibits a losing party in a state court from seeking review of a state court judgment predicated on a losing party's claim the state court judgment violates the loser's federal rights.; *Rooker v. Fid. Tr. Co*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Morkel v. Davis,* 513 Fed.Appx 724, 727 (10th Cir. 2013).

Plaintiff Emma Serna's and Plaintiff Mike Serna's assertions and pleadings in regard to their unsubstantiated claim that their social security funds were wrongfully taken by Defendant Cooksey have no basis in fact. According to the Bank's documents, Plaintiff Emma Serna withdrew the social security funds from account # 968, which account had increased to the approximate amount of $6,000.00. See Bank records- Exhibit "B", pp. 7-9, evidencing the withdrawal slip of $6,000.00 from account # 968 on 5/14/2018, showing the same to have been signed by Emma Serna, and the closing documents of account #968 on 5/21/2018.

4

Account #537, the garnished and thus attached account in the amount of $10,598.22, consisted of funds arising from a single deposit made on 3/20/2017 by Emma Serna in the amount of $10,491.49, the source of which is a check issued to Emma Serna by First Financial Credit Union. See Bank records, attached- Exhibit "B", pp. 1-3 , evidencing the First Financial Credit Union check with Emma Serna's endorsement, the Bank Deposit Ticket and Bank account statement #537 in the name of Emma Serna, showing the initial deposit of $10,491.49. It is to be noted that at the time of the service of the Writ on the Bank, due to interest, the balance of account # 537 had increased to the amount of $10,598.22.

Succinctly, the business records of the Bank establish that "Emma Serna" obtained the social security funds held by the Bank. Plaintiffs Emma Serna and Mike Serna have no credible-admissible evidence that Defendant Cooksey, the NM Court or the Bank ever obtained, withdrew, converted or otherwise unlawfully seized the Plaintiffs' social security benefits or social security funds.

Furthermore, at no time or circumstance were the funds in account #537 the property of Plaintiff Mike Serna. The requirements of NMSA 1978, Section 45-6-211 (B), provide that an account belongs to the parties in proportion to the net contribution of each to the sums on deposit. The interpretation of the context "net contribution" has been defined by the New Mexico Court of Appeals to mean the sum of all deposits to an account made by or for a party, less any withdrawals made by or for such party. See *Alcantar v. Sanchez*, 2011-NMCA-73, ¶ 20, 257 P.3d 966.

Account #537 was an account held under the names of Emma Serna and Mike Serna, as joint tenants. Plaintiff Emma Serna however was the sole depositor of the funds in account #537, and thus clearly the sole owner of the deposited funds in account #537. See Bank records, attached- Exhibit "B", pp. 1-3, showing single deposit under Plaintiff Emma Serna's endorsement of $10,491.49 into account #537. None of the funds were Plaintiff Mike Serna's or subject to any recognized execution exemption under New Mexico law.

Additionally, not to be ignored are the Admissions by Plaintiff Emma Serna and Plaintiff Mike Serna set forth in Exhibit "D", pp. 1-17, as highlighted, wherein Plaintiff Emma irretrievable and continually concedes that the only garnished, attached and seized funds were

from her mother, as clearly deposited in account #537. Despite the misstatements, embellishments and unsubstantiated statements made by Plaintiffs to the effect their social security funds were unlawfully seized or garnished, the Admissions set forth in D, statements against the interests of Plaintiffs Emma Serna and Mike Serna, admissible under the Federal Rules of Evidence, including Rules 801 (d)(2)(A)& (D), 804(b)(3)(A), 803(6)(A)(B)( C) & (D) and 902(8) & (9), confirm the opposite. In simple terms the statements made by the Plaintiffs further support the truth of the undisputed material facts in point No. I above.

Defendant Cooksey respectfully requests that this Court take judicial notice of the numerous judicial proceedings filed in the New Mexico state courts, this District Court and the Tenth Circuit pertaining to the conduct of the Plaintiffs, particularly Emma Serna, which speak volumes to her lack of credibility. Of assistance to the Court in taking such notice is the astute summary of these proceedings (accorded judicial notice) set forth in the Order Granting Motion to Dismiss by the Honorable United States District Judge, Kea W. Riggs, filed March 3, 2021, in Case No. 20-cv-01344-KWR-SCY, (U.S.D.Ct. N.M). In the interest of brevity Judge Rigg's summary of these proceedings found at pages 1-3 of her Order is incorporated herein in order to alleviate the necessity of restatement.

III. Conclusion.

No social security funds or social security benefits of Plaintiffs Emma Serna or Mike Serna were ever seized, attached or garnished with regard to the matters associated with the representation and conduct of Defendant Cooksey. Specifically, the records of the Bank establish that the Plaintiffs' social security funds were held in an account used for social security funds electronic transmitted for deposit with the Bank. At no time were these deposited social security funds ever garnished, attached or seized by Defendant Cooksey or the Bank.

The legitimate facts established by the records of the Bank, as well as the signature of Plaintiff Emma Serna on a withdrawal slip processed with the Bank, confirm by probative evidence that Emma Serna, and no one else, obtained the Plaintiffs' social security funds held with the Bank in the account # 968 of Plaintiffs Emma Serna and Mike Serna.

The garnishment records by the NM Court Proceedings further confirm that the only funds garnished, attached and seized in the NM Court Proceeding were not social security funds,

but rather, non- exempt funds belonging only to Plaintiff Emma Serna.

Lastly, but no less important are the statements of the Plaintiffs Emma Serna and Mike Serna found in their Admissions (Exhibit D), that the funds in the garnished account #537 were not social security funds or benefits.

WHEREFORE, Defendant Cooksey requests of the Court that the Plaintiffs' complaint as against him be dismissed on the basis contained in the rulings of this Court in its Order filed on September 29, 2021, and for the additional reason that no social security benefits of the Plaintiffs were garnished in violation of 42 U.S.C. § 407, as argued in this Brief.

Respectfully submitted,

THE LAW OFFICES OF W. J. COOKSEY, LC

By: */s/ William J. Cooksey*
William J. Cooksey
P.O. Box 27220
Albuquerque, NM 87125-7220
Tel: (505) 243-6721
Email: wcooksey@dcbf.net
Attorney for Defendant Cooksey

## Certificate of Service

The undersigned hereby certifies that on October 29, 2021, a true and accurate copy of the forgoing pleading/document was filed through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, to include Daniel White, Esq., dwhite@askewwhite.com, attorney for Defendants Margette Webster & David Webster.

The undersigned hereby further certifies that on such date the foregoing pleading was served on the following non-CM/ECF Participants by Mail:
Emma & Mike Serna
P.O. Box 6538
Albuquerque, New Mexico 87193

By */s/ William J. Cooksey*
William J. Cooksey

7

## LIST OF AUTHORITIES

In compliance with D.N.M LR-56.1 (b) Defendant Cooksey incoporates and adopts the list of authorities as stated in the Websters' List of Authorities attached to their Memorandum filed this 29th day of October, 2021, a copy of which is attached hereto.

## LIST OF AUTHORITIES

In compliance with D.N.M. LR-Civ.56.1(b), the Websters hereby list the authorities they rely upon:

**CASES:**

<u>District of New Mexico</u>
*Ulrich v. Ulrich*, 2019 WL 190442 at * 4 (D.N.M. 2019)

<u>Supreme Court</u>

*Lance v. Dennis*, 546 U.S. 459, 463 (2006)
*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005)
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)
*Celotex Corp.v. Catrett*, 477 U.S. 317, 322 (1986).

<u>Tenth Circuit</u>

*Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1265-66 (10th Cir. 1996)
*Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)

<u>New Mexico</u>

*Ideal v. Burlington Resources Oil & Gas Co. LP*, 148 N.M. 228, 231-232 (N.M. 2010)
*Deflon v. Sawyers*, 139 N.M. 637, 639-641 (N.M. 2006).

**STATUTES:**

42 U.S.C. § 407

**RULES:**

Fed. R. Civ. P. 56
D.N.M. LR-Civ.56.1(b)

**ORDERS:**

*Memorandum Opinion and Order Adopting Proposed Findings and Recommended Disposition*, entered September 29, 2021 (Doc. No. 89)
*Judgment on Writ of Garnishment, Claim of Exemption and Order to Pay*, entered on September 19, 2018, in Webster I
*Order* entered on August 2, 2018 in Webster I
*Judgment Adopting Arbitration Award* entered on July 23, 2015, in Webster I