IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA AND MIKE SERNA,

    Plaintiffs,

vs.                                                                                                                                     1:20-CV-689 JB/KRS

WILLIAM COOKSEY, ET AL.,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Motions for Summary Judgment and Memoranda in Support, filed by Defendants David and Margette Webster and Defendant William Cooksey on October 29, 2021. (Docs. 96, 97, 98, and 99). Plaintiffs filed responses to the Motions for Summary Judgment on November 2, 2021, and November 8, 2021. (Docs. 100 and 103). On November 15, 2021, the Webster Defendants filed a reply to their Motion for Summary Judgment, and on November 19, 2021, Defendant Cooksey filed a reply to his Motion for Summary Judgment. (Docs. 105 and 106). This case has been referred to the undersigned to "perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 82). Having reviewed the record of the case, the parties' briefing on the remaining issue in the case, and relevant law, the Court recommends that the Motions for Summary Judgment, (Docs. 96 and 98), be granted and this case be dismissed.

**I.**     **Background**

On July 10, 2020, Plaintiffs filed a Complaint against Defendants David and Margette Webster, their attorney Daniel White, and counsel for Compass Bank, William Cooksey. (Doc. 1). Plaintiffs challenge a state court judgment that resulted in a writ of garnishment served on

Compass Bank on behalf of the Websters, who were the judgment creditors. *Id.* at 5; (Doc. 12) at 1-2.  Plaintiffs argue the state court judgment should be found void because the "Websters sued to foreclose on the Irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living Trust will not be a party to any lawsuit."  (Doc. 1) at 5.  Plaintiffs allege the Websters illegally took $129,588 of Plaintiffs' money through a false writ of garnishment, Margette Webster misrepresented herself to Plaintiffs' bank to receive the funds, and Defendant Cooksey enabled this action.  *Id.* at 5-12.

On February 27, 2021, the presiding judge in this case entered an order on several pending motions, including a Motion to Dismiss by Defendant White.  (Doc. 62).  He considered whether the Complaint was barred by the doctrine of res judicata, whether Plaintiffs filed this suit in violation of the filing restrictions imposed in *Serna v. Webster, et al.*, CIV No. 17-20 JB/JHR, and whether Plaintiffs stated a claim against Defendant White.  He also considered Plaintiffs' motion for the Court to exercise supplemental jurisdiction over their state claims.  The presiding judge: (1) dismissed Emma Serna's claims against David Webster and Margette Webster; (2) dismissed both Plaintiffs' claims against Defendant White; (3) remanded the state cases CV-2019-4800 and CV-2020-3290 to state court; and (4) declined to exercise supplemental jurisdiction over Plaintiffs' state court cases.  *Id.* at 22-26 (ruling on Docs. 4, 8, 9, 17, and 33).  The Court's rulings did not resolve the following issues: (1) Mike Serna's claims against Defendants David Webster, Margette Webster, and William Cooksey; and (2) Emma Serna's claims against William Cooksey.

On September 29, 2021, the presiding judge entered an order adopting the Proposed Findings and Recommended Disposition, (Doc. 86), in which he dismissed Plaintiffs' remaining

state law claims and entered a briefing schedule for Plaintiffs' sole federal claim—that Defendants David Webster, Margette Webster, and William Cooksey garnished Plaintiffs' social security benefits in violation of 42 U.S.C. § 407.  (Doc. 89) at 15.  The presiding judge further ordered that no filings will be allowed in this case other than the parties' briefing on the remaining federal claim.  *Id.*  The Webster Defendants and Defendant Cooksey (hereinafter "Defendants") argue in their Motions for Summary Judgment that Plaintiffs' claim under 42 U.S.C. § 407 is barred by collateral estoppel and the *Rooker-Feldman* doctrine and that they did not garnish Plaintiffs' social security benefits.  (Docs. 96 and 98).

    II.    **Legal Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  As the Tenth Circuit has explained, "mere assertions and conjecture are not enough to survive summary judgment."  *York v. AT&T*, 95 F.3d 948, 955 (10th Cir. 1996).  To avoid summary judgment, a party "must produce specific facts showing that there remains a genuine issue for trial and evidence significantly probative as to any [material] fact claimed to be disputed."  *Branson v. Price River Coal Co.*, 853 F.2d 768, 771-72 (10th Cir. 1988) (citations omitted).  "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit.  A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving

party on the evidence presented." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (quotation marks and citation omitted).

In addition, Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense of the Court's lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, , 511 (10th Cir. 1994) (citations omitted). "If the court determines at any time, that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Because Plaintiffs are *pro se* litigants, the Court must construe their pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citations omitted). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garret*, 425 F.3d at 840.

### III. Discussion

Plaintiffs' remaining claim is that Defendants garnished funds from their bank account in violation of 42 U.S.C. § 407. (Doc. 1) at 5-6, 8-9, 11. Section 407 provides that funds received

as Social Security benefits are exempt from state garnishment proceedings. That section reads, in part:

> (a) The right of any person to any future payment under this title [42 USCS §§ 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title [42 USCS §§ 401 et seq.] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). The United States Supreme Court has held that Section 407 "unambiguously ruled out any attempt to attach Social Security benefits." *Bennett v. Arkansas*, 485 U.S. 395, 397 (1988). Thus, Section 407(a) is known as the "anti-attachment provision" of the Social Security Act because it prohibits creditors and other claimants from using legal process to reach Social Security benefits. *See Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 415-17 (1973); *Walton v. U.S. Bank*, 2010 WL 3928507, at *3 (D. Utah).

The Court must first address Defendants' assertion that the Court lacks subject matter jurisdiction to hear this claim under the *Rooker-Feldman* doctrine. The existence of subject matter jurisdiction is a threshold inquiry that must precede any merits-based determination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). Thus, if the *Rooker-Feldman* doctrine applies to Plaintiffs' claims, the Court is without jurisdiction to address the merits of those claims.

The *Rooker-Feldman* doctrine is based on two Supreme Court cases. In *Rooker v. Fidelity Trust Co.*, the Supreme Court ruled that the state court judgment in question could only be reversed or modified "in an appropriate and timely appellate proceeding." 263 U.S. 413, 415 (1923). The Supreme Court held that, "[u]nder the legislation of Congress, no court of the

United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the [state court] judgment." *Id.* at 416. In *District of Columbia Court of Appeals v. Feldman*, the Supreme Court affirmed that federal district courts have no authority to review final judgments of state courts in judicial proceedings, but rather, federal "review of such judgments may be had only in [the Supreme Court]." 460 U.S. 462, 482 (1983). Accordingly, the *Rooker-Feldman* doctrine requires that state-court judgments be appealed to the United States Supreme Court and prevents federal district courts from overturning them. Put another way, "*Rooker-Feldman* is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1281 (10th Cir. 2012) ("[W]hen Congress vested the Supreme Court with appellate jurisdiction over state-court judgments, it implied that the lower federal courts lacked authority to review state-court judicial proceedings.").

The *Rooker-Feldman* doctrine not only prohibits direct review of state court judgments by lower federal courts, it also prohibits "federal courts from issuing any declaratory relief that is inextricably intertwined with the state court judgment." *Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991) (citations omitted). The Tenth Circuit has explained that "[w]hen the state-court judgment is not itself at issue, the [*Rooker-Feldman*] doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action." *Campbell*, 682 F.3d at 1281. "[T]he essential point is that barred claims are those complaining of injuries caused by state-court judgments," and "an element of the claim must be that the state court wrongfully entered its judgment." *Id.* at 1283.

Applying the principles of the *Rooker-Feldman* doctrine, this Court lacks jurisdiction over Plaintiffs' claim that Defendants garnished funds from their bank account in violation of 42 U.S.C. § 407.  On July 23, 2015, a judge in the Second Judicial District Court for the District of New Mexico entered a judgment in favor of the Websters and against Plaintiffs in the amount of $57,443.40 and bearing post-judgment interest at a rate of 10% per year.  *See* (Doc. 97) at 11-12 (Judgment entered in Case No. D-202-CV-2007-6641, hereinafter "the state case").[1]  On September 19, 2018, a "Judgment on Writ of Garnishment, Claim of Exemption and Order to Pay" was entered in the state case.  (Doc. 97) at 19-24.  The state court judge noted that Compass Bank had established that funds totaling $10,598.22 were "held in deposit in a joint bank account under the names of Emma Serna and Mike Serna, as joint tenants," that only one deposit was made into that account by Emma Serna, and that "[i]n confirmation of this single deposit being the sole property of Emma Serna, she has also formally stated in writing that such deposit was her separate money and not that of her husband."  *Id.* at 19-20.  The state court judge further noted that the bank's counsel mailed Emma Serna a "Notice of Right to Claim Exemptions" and a "Claim of Exemption Form," and that Emma Serna did not file a claim of exemptions with the court.  *Id.* at 20; *see also* (Doc. 98-1) at 22 ("Answer of Garnishee" averring that counsel for the bank sent notice of right to claim exemption and claim of exemption forms to Emma Serna).  Based on these findings, the state court judge found that "none of the funds held in the Garnished

---

[1] The Court takes judicial notice of the state court's records in the underlying state court action, *Margaret Webster and David Webster v. Emma Serna d/b/a Serna & Associates Construction Co. a/k/a Serna & Associates, LLC*, D-202-CV-07-6641 (consolidated with D-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).  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

Account are exempt from attachment" and that the funds "are not derivative of Social Security deposits or other exempt deposits of … Emma Serna, or her husband, Mike Serna." (Doc. 97) at 21. Accordingly, the judge ordered Compass Bank to turn over to the Websters the funds held in the garnished account, less the bank's processing and attorney fees. *Id.* at 22. Both the judgment and the order authorizing garnishment were affirmed by the New Mexico Court of Appeals, and multiple petitions by the Plaintiffs to the New Mexico Supreme Court were denied.

These rulings in the state case encompass the issue of whether the funds in Plaintiffs' bank account included social security funds. Moreover, Defendant Cooksey explains that Plaintiffs held two accounts at the Compass Bank at the time of the garnishment—one with $10,598.22 and another with $5,261.46. (Doc. 98-1) at 3. He states that the bank determined that funds in the account with the $5,261.46 were federally protected under Section 407 because they were derivative of social security deposits, and that on May 14, 2018, Emma Serna withdrew all of the funds from the account holding the social security funds and closed that account. *Id.* at 3, 6; *see also* (Doc. 98-1) at 15 (withdrawal slip dated May 14, 2018, signed by Emma Serna). Defendant Cooksey further states that the funds in the account with $10,598.22 were from a single deposit made by Emma Serna on March 20, 2017, and the only funds that were garnished were from this account—not from the account that held the protected funds. *Id.* at 6. Additionally, in a document filed in the state case, Emma Serna stated: "The $10,500 that Mr. Cooksey has frozen on Mike & Emma Serna's account came from Emma's mom's death, burial money." (Doc. 98-2) at 3; *see also* (Doc. 98-2) at 5 (letter from Plaintiffs to Compass Bank dated July 12, 2019, stating "[t]he $10,588.00 came from Emma's mother's death insurance benefits").

Plaintiffs do not dispute that the state court judgment found that the garnished funds were not exempt from attachment under Section 407. Instead, Plaintiffs contend the *Rooker-Feldman* doctrine does not apply here because the state court judgment was issued to "Margaret Webster," not "Margette Webster," so the garnishment was an illegal act. (Doc. 100) at 12; (Doc. 103) at 4. The Court finds that this argument is without merit for several reasons. First, Defendants attach an affidavit from Margette Webster stating she is the same person who obtained the Judgment in the state court case, and that she sometimes goes by the name Margaret. (Doc. 97) at 14-15. Second, this argument was foreclosed in the state court case, where the caption was amended to change "Margaret Webster" to "Margette Webster." *Id.* at 17 (August 2, 2018 order in the state case, stating the caption was being amended "[t]o reduce any further confusion"). And third, this argument was rejected in another case in this court filed by Plaintiff Emma Serna against Compass Bank. In *Emma Serna v. BBVA Compass Bank*, CIV No. 20-1344 KWR/SCY, the district judge and found that Plaintiff's argument that the state court judgment was not valid because the case caption referred to "Margaret Webster" was "a frivolous argument that the court will not entertain" because "[t]here is nothing in the record to suggest this was anything other than a scrivener's error." (Doc. 24 at 3, filed in CIV No. 20-1344 KWR/SCY). The Court agrees and finds that this argument does not affect the application of the *Rooker-Feldman* doctrine to Plaintiffs' Section 407 claim.

Based on the foregoing, Plaintiffs' remaining claim falls squarely within the *Rooker-Feldman* doctrine because it challenges the state court judgment finding that the garnished funds were not subject to Section 407. Plaintiffs lost in state court and they invite this Court to review and reject the state court judgment, which is an action explicitly prohibited by the *Rooker-*

9

*Feldman* doctrine. Indeed, in a similar case challenging a state court garnishment order, the Tenth Circuit explained that "[t]here are two possible ways of interpreting the [plaintiff's] complaint: (1) as an attack on the state-court judgment giving rise to the restitution obligation or (2) as an attack on the state-court order authorizing the garnishment," and that "[u]nder either interpretation … review is impermissible under the *Rooker-Feldman* doctrine" because the plaintiff "would be seeking review in federal district court over a state-court order." *Zivkovic v. Hood*, 694 Fed. Appx. 661, 662 (10th Cir. 2017); *see also Serna v. BBVA Compass Bank*, CIV No. 20-1344 KWR/SCY (Doc. 24) (finding that *Rooker-Feldman* barred claims raised by Plaintiff Emma Serna challenging the state court's garnishment order).

## IV.     Recommendation

Based on the foregoing, the Court finds that Plaintiffs' remaining claim is barred by the *Rooker-Feldman* doctrine. Therefore, this Court lacks subject matter jurisdiction over the claim and Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) require dismissal of the claim. The Court does not reach the issue of collateral estoppel because it lacks jurisdiction to hear arguments on the merits. *See Brereton*, 434 F.3d 1218 (explaining that if a court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims); *Garry v. Geils*, 82 F.3d 1372, 1365 (7th Cir. 1996) ("Where *Rooker-Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

Accordingly, the Court recommends that Defendants' Motions for Summary Judgment, (Docs. 96 and 98), be GRANTED, and that Plaintiffs' remaining claim and this case be DISMISSED for lack of jurisdiction.

Additionally, on September 29, 2021, the Court ordered the parties to brief the remaining issue in this case and ordered that "no other filings shall be allowed in this case until this remaining issue is decided." (Doc. 89) at 15.  Nevertheless, Plaintiffs have filed numerous documents and motions in violation of the Court's order.  (Docs. 90-95, 101, 102, 107, 108, 114, 116-120).  The Court recommends that all of these documents be STRICKEN from the record.  The Court cautions Plaintiffs that it will only consider the parties' objections to this Proposed Findings and Recommended Disposition and no other filings will be considered.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop.***, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of de novo review by a district or appellate court.  In other words, if no objections are filed, no appellate review will be allowed.**