## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA and MIKE SERNA,

      Plaintiffs,

vs.                                                                     No. CIV 20-0689 JB/KRS

WILLIAM COOKSEY; DANIEL WHITE;
DAVID WEBSTER and MARGETTE
WEBSTER,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER ADOPTING SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 22, 2022 (Doc. 121)("Second PFRD"). In the Second PFRD, the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recommends: (i) granting the Webster Defendants' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss, filed October 29, 2021 (Doc. 96)("First MSJ"); (ii) granting Defendant Cooksey's Motion for Summary Judgment, filed October 29, 2021 (Doc. 98)("Second MSJ"); and (iii) dismissing Plaintiffs Emma Serna and Mike Serna's remaining claims. <u>See</u> Second PFRD at 10. E. Serna and M. Serna objected to the Second PFRD on March 4, 2022. <u>See</u> Objection to Proposed Finding and Recommended Disposition, filed March 4, 2022 (Doc. 122)("Objections"). For the reasons stated below, the Court will: (i) overrule the Objections; (ii) adopt the Second PFRD; (iii) dismiss E. Serna and M. Serna's remaining claim; and (iv) dismiss this case.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 10, 2020, E. Serna and M. Serna filed their Complaint for Misrepresentations, Void Judgment Deceptive Dealings, Nonconsensual Lien & Lis Pendens, Unjust Enrichment, and Injunctive Relief, filed July 10, 2020 (Doc. 1)("Complaint"), against Defendants David and Margette Webster, the Websters' attorney Daniel White, and counsel for Compass Bank, William Cooksey, see Complaint at 1.  E. Serna and M. Serna challenge a State court judgment that resulted in a writ of garnishment served on Compass Bank on behalf of the Websters, who were the judgment creditors.  See Complaint at 5; Defendant William Cooksey's Answer to the Complaint of Emma Serna and Mike Serna at 1-2, filed August 25, 2020 (Doc. 12)("Answer").   In the Complaint, E. Serna and M. Serna ask the Court to declare the State court judgment void, because the "Websters sued to foreclose on the Irrevocable Living Trust Property, but they don't understand or refuse to understand that the Irrevocable Living Trust will not be a party to any lawsuit."  Complaint at 1.   E. Serna and M. Serna allege that the Websters illegally took $129,588.00 of E. Serna and M. Serna's money through a false writ of garnishment, that M. Webster misrepresented herself to E. Serna and M. Serna's bank to receive the funds, and that Cooksey enabled this action.  See Complaint at 5-12.

On February 27, 2021, the Court filed a Memorandum Opinion and Order disposing of several then-pending motions, including Defendant Daniel White's Motion to Dismiss, filed August 18, 2020 (Doc. 9).  See Memorandum Opinion and Order, filed February 27, 2021 (Doc. 62)("MTD MOO").  In the MTD MOO, the Court considers whether the doctrine of res judicata bars E. Serna and M. Serna's Complaint, whether E. Serna and M. Serna filed this suit in violation of the filing restrictions imposed in Emma Serna d/b/a/ Serna & Associates Construction Co., LLC v. Margette Webster, David Webster, State of New Mexico U.S. Judicial Court Division, Clayton

- 2 -

Crowley, Alex Chisholm, Carl Butkus, Cindy Molinia, Alan Malott, Beatrice Brickhouse, Bobbyjo

Walker, James O'Neal, Robert (Bob) Simon, Estate of Paul F. Becht, Carl A. Becht, Carl A.

Calvert, Joey Boya, Amy Mayer, Madeliene Garcia, Arthur Pepin, Monica Zamora, Cheryl Ortega,

John Doe #1, Pat McMurray, Martha Murillo, Sally Galanter, New Mexico Construction Industries

Division, Robert "Mike" Unthank, Martin Romero, and Amanda Roybal, No. CIV 17-0020

JB/JHR, and whether E. Serna and M. Serna state a claim against White.  See MTD MOO at 1-26.

In the MTD MOO, the Court also considers the Plaintiff's [sic] Request Supplemental Jurisdiction

in State Case No. CV-2020-03290, filed August 17, 2020 (Doc. 8), which asks the Court to

exercise supplemental jurisdiction over E. Serna and M. Serna's State claims.  See MTD MOO at

1.  In the MTD MOO, the Court: (i) dismisses E. Serna's claims against D. Webster and M.

Webster; (ii) dismisses E. Serna and M. Serna's claims against White; (iii) remands the state cases

CV-2019-4800 and CV-2020-3290 to state court; and (4) declines to exercise supplemental

jurisdiction over E. Serna and M. Serna's state court cases.  See MTD MOO at 22-26.  The MTD

MOO does not resolve: (i) M. Serna's claims against D. Webster, M. Webster, and Cooksey; or

(ii) E. Serna's claims against Cooksey.

On September 6, 2021, Magistrate Judge Sweazea filed a Proposed Findings and

Recommended Disposition, filed September 6, 2021 (Doc. 86)("First PFRD"), in which he

concludes that diversity jurisdiction does not exist in this case and E. Serna and M. Serna's only

claim that gives rise to federal question jurisdiction is that D. Webster, M. Webster, and Cooksey

garnished Plaintiffs' social security income.  See First PFRD at 5.  On September 29, 2021, the

Court adopted Magistrate Judge Sweazea's First PFRD, dismissed E. Serna and M. Serna's

remaining State law claims for lack of subject matter jurisdiction, and entered a briefing schedule

for E. Serna and M. Serna's remaining federal claim -- that D. Webster, M. Webster, and Cooksey

garnished E. Serna and M. Serna's social security benefits in violation of 42 U.S.C. § 407.  <u>See</u> <u>Memorandum Opinion and Order Adopting Proposed Findings and Recommended Disposition</u> at 15, filed September 29, 2021 (Doc. 89)("First PFRD MOO").

After the Court's First PFRD MOO, the Defendants filed their First MSJ and Second MSJ, in which they argue that collateral estoppel and the <u>Rooker-Feldman</u> doctrine[1] bar E. Serna and M. Serna's 42 U.S.C. § 407 claim, and that they did not garnish E. Serna and M. Serna's social security benefits.  <u>See</u> First MSJ at 1-4; Second MSJ at 1-3; Webster Defendants' Memorandum in Support of Motion for Summary Judgement at 1-9, filed October 29, 2021 (Doc. 97)("Webster MSJ Memo."); Defendant Cooksey's Brief in Support of Motion for Summary Judgment at 1-9, filed October 29, 2021 (Doc. 99)("Cooksey MSJ Memo.").  Magistrate Judge Sweazea considers the First MSJ and Second MSJ in his Second PFRD.  <u>See</u> Second PFRD at 1.  In the Second PFRD, Magistrate Judge Sweazea notes that, because E. Serna and M. Serna are pro se litigants, the Court must construe their pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel.  <u>See</u> Second PFRD at 4 (citing <u>Smith v. United States</u>, 561 F.3d 1090, 1096 (10th Cir. 2009)).  Construing pro se pleadings liberally requires a court to make some allowance for a pro se litigant's "'failure to cite proper legal authority, his confusion of legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'"  <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005) (quoting <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)).  A Court, however, cannot "take

---

[1]The <u>Rooker-Feldman</u> doctrine "precludes a losing party in state court who complains of injury caused by the state-court judgment from bringing a case seeking review and rejection of that judgment in federal court."  <u>Miller v. Deutsche Bank Nat'l Tr. Co (In re Miller)</u>, 666 F.3d 1255 (10th Cir. 2012).  <u>See</u> <u>Dist. of Columbia Ct. of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Tr. Co.</u>, 263 U.S. 413 (1923).

on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  Garrett v. Selby Connor Maddux & Janer, 425 F.3d at 840.

Magistrate Judge Sweazea next explains that 42 U.S.C. § 407 provides that funds received as social security benefits are exempt from State garnishment proceedings.  See Second PFRD at 4-5.  42 U.S.C. § 407 reads, in relevant part:

> (a) The right of any person to any future payment under this title [42 USCS §§ 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title [42 USCS §§ 401 et seq.] shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a).  The Supreme Court of the United States of America holds that § 407 "unambiguously ruled out any attempt to attach Social Security benefits."  Bennett v. Arkansas, 485 U.S. 395, 397 (1988).  Thus, § 407(a) is known as the "anti-attachment provision" of the Social Security Act, because it prohibits creditors and other claimants from using legal process to reach Social Security benefits.  Walton v. U.S. Bank, No. CIV 09-0931, 2010 WL 3928507, at *3 (D. Utah October 4, 2010)(Benson, J.).  See Philpott v. Essex County Welfare Bd., 409 U.S. 413, 415-17 (1973).

Magistrate Judge Sweazea addresses the Defendants' assertion that the Court does not have subject matter jurisdiction to hear E. Serna and M. Serna's remaining claim under the Rooker-Feldman doctrine, noting that subject matter jurisdiction's existence is a threshold inquiry that must precede any merits determination.  See Second PFRD at 5 (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), and Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)).  Magistrate Judge Sweazea explains that, in Rooker v. Fidelity Trust Company, the Supreme Court ruled that the State court judgment in question could only be reversed or modified "'in an appropriate and timely appellate proceeding.'"  Second PFRD at 5 (quoting

Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)).  The Supreme Court held that, "[u]nder the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the [state court] judgment."  Rooker v. Fidelity Trust Co., 263 U.S. at 416.  Subsequently, in District of Columbia Court of Appeals v. Feldman, the Supreme Court affirmed that federal district courts have no authority to review final judgments of State courts in judicial proceedings, but rather, federal "review of such judgments may be had only in [the Supreme Court]."  460 U.S. 462, 482 (1983).  Accordingly, the Rooker-Feldman doctrine requires that State-court judgments be appealed to the Supreme Court and prevents federal district courts from overturning them.  Put another way, "Rooker-Feldman is a jurisdictional prohibition on lower federal courts exercising appellate jurisdiction over state-court judgments."  Campbell v. City of Spencer, 682 F.3d 1278, 1281 (10th Cir. 2012).

Additionally, the Rooker-Feldman doctrine prohibits not only direct review of State court judgments by lower federal courts, but also prohibits "federal courts from issuing any declaratory relief that is inextricably intertwined with the state court judgment."  Facio v. Jones, 929 F.2d 541, 543 (10th Cir. 1991)(citations omitted).  The United States Court of Appeals for the Tenth Circuit explains that "[w]hen the state-court judgment is not itself at issue, the [Rooker-Feldman] doctrine does not prohibit federal suits regarding the same subject matter, or even the same claims, as those presented in the state-court action."  Campbell v. City of Spencer, 682 F.3d at 1281.  "[T]he essential point is that barred claims are those complaining of injuries caused by state-court judgments," and "an element of the claim must be that the state court wrongfully entered its judgment."  Campbell v. City of Spencer, 682 F.3d at 1283.  Applying the Rooker-Feldman doctrine, Magistrate Judge Sweazea concludes that the Court does not have jurisdiction over E.

Serna and M. Serna's claim that the Defendants garnished funds from their bank account in violation of 42 U.S.C. § 407.  See Second PFRD at 7.

On July 23, 2015, the Honorable Nan Nash, District Judge for the County of Bernalillo, Second Judicial District Court, State of New Mexico, entered a judgment in favor of M. Webster and D. Webster and against E. Serna and M. Serna in the amount of $57,443.40 and bearing post-judgment interest at a rate of 10% per year.  See Judgment Adopting Arbitration Award at 11-12, filed October 29, 2021 (Doc. 97)("State Court Judgment").[2]  On September 19, 2018, Judge Nash entered a Judgment on Writ of Garnishment, Claim of Exemption and Order to Pay at 19-24, filed October 29, 2021 (Doc. 97)("Judgment on Writ of Garnishment").  In the Judgment on Writ of Garnishment, Judge Nash notes that Compass Bank had established that funds totaling $10,598.22 were "held in deposit in a joint bank account under the names of E. Serna and M. Serna, as joint tenants," that only one deposit was made into that account by E. Serna, and that "[i]n confirmation of this single deposit being the sole property of E. Serna, she has also formally stated in writing that such deposit was her separate money and not that of her husband."  Judgment on Writ of Garnishment, at 19-20.  Judge Nash further notes that the bank's counsel mailed E. Serna a "Notice of Right to Claim Exemptions" and a "Claim of Exemption Form," and that E. Serna did not file a claim of exemptions with the court.  Judgment on Writ of Garnishment, at 20.  See Continuation of Exhibits in Support of Defendant Cooksey's Motion for Summary Judgment at 22, filed October

---

[2]The Court takes judicial notice of the State court's records in the underlying state court action, Margaret Webster and David Webster v. Emma Serna d/b/a Serna & Associates Construction Co. a/k/a Serna & Associates, LLC, D-202-CV-07-6641 (consolidated with D-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).  See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979)("[F]ederal courts in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

29, 2021 (Doc. 98-1)(averring in the "Answer of Garnishee" that counsel for the bank sent notice of right to claim exemption and claim of exemption forms to Emma Serna).  Based on these findings, Judge Nash found that "none of the funds held in the Garnished Account are exempt from attachment" and that the funds "are not derivative of Social Security deposits or other exempt deposits of . . . Emma Serna, or her husband, Mike Serna."  Judgment on Writ of Garnishment at 21.  Accordingly, Judge Nash orders Compass Bank to turn over to the Websters the funds held in the garnished account, less the bank's processing and attorney fees.  See Judgment on Writ of Garnishment at 22.  "Both the judgment and the order authorizing garnishment were affirmed by the New Mexico Court of Appeals, and multiple petitions by the Plaintiffs to the New Mexico Supreme Court were denied."  Second PFRD at 8.

        In the Second PFRD, Magistrate Judge Sweazea concludes that the rulings in E. Serna and M. Serna's State case encompass whether the funds in E. Serna and M. Serna's bank account included social security funds.  See Second PFRD at 8.  Moreover, Magistrate Judge Sweazea explains that E. Serna and M. Serna held two accounts at the Compass Bank at the time of the alleged garnishment -- one with $10,598.22 and another with $5,261.46.  See Second PFRD at 8.  Magistrate Judge Sweazea states that the bank determined that funds in the account with the $5,261.46 were federally protected under § 407, because they were derivative of social security deposits, and that on May 14, 2018, E. Serna withdrew all of the funds from the account holding the social security funds and closed that account.  See Second PFRD MOO at 8.  According to Magistrate Judge Sweazea, Cooksey further stated that the funds in the account with $10,598.22 were from a single deposit that E. Serna made on March 20, 2017, and that the only funds that were garnished were from this account -- not from the account that held the protected funds.  See Second PFRD at 8.

Finally, Magistrate Judge Sweazea addresses Plaintiffs' argument that the <u>Rooker-Feldman</u> doctrine does not apply here because the State court judgment was issued to "Margaret Webster," not "Margette Webster," so the garnishment was an illegal act.  Second PFRD at 9.  Magistrate Judge Sweazea rejects this argument.  <u>See</u> Second PFRD at 9.  In sum, Magistrate Judge Sweazea concludes that the <u>Rooker-Feldman</u> bars E. Serna and M. Serna's remaining claim, because the claims challenges the State court judgment finding that the garnished funds were not subject to § 407.  <u>See</u> Second PFRD at 9-10.  Magistrate Judge Sweazea, therefore, concludes that the Court does not have subject matter jurisdiction over E. Serna and M. Serna's remaining claim, and recommends that the Court grant the First MSJ and the Second MSJ, and that the Court dismiss E. Serna and M. Serna's remaining claim for lack of jurisdiction.  <u>See</u> Second PFRD at 10.

**LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND**
<u>**RECOMMENDATIONS**</u>

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  <u>See</u> Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").  Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention

on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v.

One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents,

Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One

Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of

Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that

underlie the Magistrate's Act,[3] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing

Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)); United States v. Walters,

638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."   One Parcel, 73 F.3d at 1060.  "To further advance the

policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s]

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the

magistrate's findings or recommendations waives appellate review of both factual and legal

---

[3]Congress enacted the Federal Magistrate Act, 28 U.S.C. §§ 631-39, in 1968.

questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[4]

In One Parcel, in accord with other Courts of Appeals, the Tenth Circuit expanded the

---

[4]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana; Richardson v. Title IV-D Agency, 842 F. App'x 190 (10th Cir. 2021)(unpublished); Zivkovic v. Hood, 694 F. App'x 661 (10th Cir. 2017)(unpublished); Myers v. Wells Fargo Bank, N.A., 685 F. App'x 679 (10th Cir. 2017)(unpublished); Bradshaw v. Gatterman, 658 F. App'x 359 (10th Cir. 2016)(unpublished); and Lambeth v. Miller, 363 F. App'x 565, 566 (10th Cir. 2010)(unpublished), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

The Supreme Court of the United States of America -- in the course of approving the United States

Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings).  The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659.  The Tenth Circuit joins "those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."  Moore v. United States, 950 F.2d at 659.  Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.").  In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. at 676

("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if  the issues had come before the Court first, but rather adopts the PFRD disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is

clearly erroneous, arbitrary, [obviously][5] contrary to law, or an abuse of discretion." <u>Workheiser</u>
<u>v. City of Clovis</u>, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate
Judge's work when there is no objection, nonetheless provides some review in the interest of
justice, and seems more consistent with the intent of the waiver rule than no review at all or a
full-fledged review. Accordingly, the Court considers this standard of review appropriate.
<u>See</u> <u>Thomas v. Arn</u>, 474 U.S. at 151 ("There is nothing in those Reports, however, that
demonstrates an intent to require the district court to give any more consideration to the
magistrate's report than the court considers appropriate."). The Court, however, is reluctant to
have no review at all if its name is going to go at the bottom of the order adopting the

---

[5]The Court previously used as the standard for review when a party does not object to the
Magistrate Judge's proposed findings and recommended disposition whether the recommendation
was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting
"obviously" in front of contrary to law. <u>Solomon v. Holder</u>, No. CIV 12-1039 JB/LAM, 2013
WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which
there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous,
arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations
therein"); <u>O'Neill v. Jaramillo</u>, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31,
2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that
the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse
of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing <u>Workheiser v. City of</u>
<u>Clovis</u>, 2012 WL 6846401, at *3); <u>Galloway v. JP Morgan Chase & Co.</u>, No. CIV 12-0625
JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's
recommendations upon determining that they were not "clearly contrary to law, or an abuse of
discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential
standard of review that the Court intends to use when there is no objection. Finding that a
Magistrate Judge's recommendation is contrary to law would require the Court to analyze the
Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts
-- in other words performing a de novo review, which is required when a party objects to the
recommendations only. The Court believes adding "obviously" better reflects that the Court is not
performing a de novo review of the Magistrate Judges' recommendations. Going forward,
therefore, the Court will, as it has done for some time now, review Magistrate Judges'
recommendations to which there are no objections for whether the recommendations are clearly
erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

Magistrate Judge's PFRD.

## <u>ANALYSIS</u>

E. Serna and M. Serna object to Magistrate Judges Sweazea's Second PFRD.   <u>See</u> Objections at 1-15.   First, E. Serna and M. Serna argue that this case is subject to the fraud exception to the <u>Rooker-Feldman</u> doctrine, because the State court judgment was against "Emma Serna d/b/a Serna & Associates, LLC," not E. Serna individually, and because the name on the judgment was "Margaret" Webster, not "Margette" Webster.  Objections at 2-4.  Second, E. Serna and M. Serna argue that the State court did not have jurisdiction to hear the case, did not properly consider E. Serna and M. Serna's arguments, and the judge in that case "was egregious, and made practices of the law prohibited for judges."  Objections at 5.  Third, E. Serna and M. Serna contend that M. Webster improperly garnished E. Serna and M. Serna's social security funds and used a "fraudulent judgment" to do so.  Objections at 6.  Fourth, E. Serna and M. Serna restate several of their claims that the Court has already dismissed, such as that White committed fraud.   <u>See</u> Objections at 7-9.

The Court has reviewed carefully the Second PFRD de novo and the associated briefing. E. Serna and M. Serna are incorrect that the <u>Rooker-Feldman</u> doctrine does not bar their claims. The Tenth Circuit does not recognize a fraud exception to the <u>Rooker-Feldman</u> doctrine, and it has explicitly rejected similar arguments in other cases.  <u>See</u> <u>Tal v. Hogan</u>, 453 F.3d 1244, 1256 (10th Cir. 2006)(explaining that "new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts"); <u>Richardson v. Title IV-D Agency</u>, 842 F. App'x 190, 193 (10th Cir. 2021)(unpublished)(noting that a district court does not have subject matter jurisdiction to hear claim that child support judgment was obtained using fraud, and noting that the Tenth Circuit does not recognize a fraud exception to the <u>Rooker-Feldman</u> doctrine); <u>Myers v.</u>

Wells Fargo Bank, N.A., 685 F. App'x 679, 681 (10th Cir. 2017)(unpublished)("[W]e do not recognize an 'extrinsic fraud' exception to Rooker-Feldman.")(citing Tal v. Hogan, 453 F.3d at 1256); Bradshaw v. Gatterman, 658 F. App'x 359, 362 (10th Cir. 2016)(unpublished)(noting that cases only from outside the Tenth Circuit support the appellant's argument that extrinsic fraud can override Rooker-Feldman, and citing Tal v. Hogan, 453 F.3d at 1256, to reject the argument). Accordingly, the Court overrules this objection.

In their remaining objections, E. Serna and M. Serna continue to challenge the State court judgment and restate claims that have already been dismissed. See Objections at 2-15. As Magistrate Judge Sweazea explains, Judge Nash's rulings encompass whether the funds in E. Serna and M. Serna's bank account included social security funds, so Rooker-Feldman bars E. Serna and M. Serna's remaining claim. See Second PFRD at 8. E. Serna and M. Serna invite the Court to review and reject the State court judgment, an action that Rooker-Feldman bars. As the Tenth Circuit explains in a similar case challenging a State court garnishment order, "[t]here are two possible ways of interpreting the [plaintiff's] complaint: (1) as an attack on the state-court judgment giving rise to the restitution obligation or (2) as an attack on the state-court order authorizing the garnishment," and "[u]nder either interpretation . . . review is impermissible under the Rooker-Feldman doctrine," because the plaintiff "would be seeking review in federal district court over a state-court order." Zivkovic v. Hood, 694 F. App'x 661, 662 (10th Cir. 2017)(unpublished). See also Serna v. BBVA Compass Bank, CIV No. 20-1344 KWR/SCY, Order Granting Motion to Dismiss, filed March 29, 2021 (Doc. 24)(concluding that Rooker-Feldman bars claims raised by Plaintiff Emma Serna challenging the State court's garnishment order). Accordingly, the Court overrules E. Serna and M. Serna's remaining objections.

Notwithstanding E. Serna and M. Serna's Objections, the Court adopts the Second PFRD, grants the First MSJ and the Second MSJ, and dismisses without prejudice E. Serna and M. Serna's remaining claim and this case.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006)("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."); Lambeth v. Miller, 363 F. App'x 565, 566, 569 (10th Cir. 2010)(unpublished)(noting that dismissing a case for lack of subject matter jurisdiction on the basis of the Rooker-Feldman doctrine must be "without prejudice").

**IT IS ORDERED** that: (i) the Objections in the Objection to Proposed Finding and Recommended Disposition, filed March 4, 2022 (Doc. 122), are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 22, 2022 (Doc. 121), are adopted; (iii) the Webster Defendants' Motion for Summary Judgment, or in the Alternative, Motion to Dismiss, filed October 29, 2021 (Doc. 96), is granted; (ii) Defendant Cooksey's Motion for Summary Judgment, filed October 29, 2021 (Doc. 98), is granted; (iv) Plaintiff Emma Serna and Mike Serna's remaining claim for a violation of 42 U.S.C. § 407 is dismissed without prejudice; (v) all remaining motions filed in this case are denied as moot; and (vi) Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Emma Serna
Albuquerque, New Mexico

    *Plaintiff pro se*

Mike Serna
Albuquerque, New Mexico

    *Plaintiff pro se*

William J. Cooksey
Dubois, Cooksey & Bischoff, P.A.
Albuquerque, New Mexico

    *Attorney for Defendant William Cooksey*

Krystle A. Thomas
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorney for Defendants Daniel White, David Webster, and Margette Webster*